WILLIAMSON v. FIRST NATIONAL BANK OF VICKSBURG.

[90 South. 115.   No. 22148.]

BANKS AND BANKING.   *Act of savings bank's cashier, taking deposit for national bank, held ratified.*

Where eighty dollars is delivered to a cashier of an adjoining savings bank for deposit in a national bank and was receipted for in passbook of national bank, and some days afterwards deposited therein, and paid out by national bank on the depositor's checks, together with evidential admission of acceptance of deposit, it is a ratification of the act of the savings bank's cashier in taking the deposit for the national bank.

APPEAL from circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Action by U. Williamson against the First National Bank of Vicksburg. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

*Dabney & Dabney,* for appellant.

*Brunini & Hirsch,* for appellee.

HOLDEN, J., delivered the opinion of the court.

This a suit by U. Williamson, appellant, for damages against appellee, the First National Bank of Vicksburg, for failure of the bank to honor appellant's check when he had sufficient funds on deposit for that purpose. The case was submitted to a jury, which returned a verdict in favor of the bank, from which judgment this appeal is prosecuted by the plaintiff below.

The facts of the case necessary to an understanding of the decision, briefly stated, are as follows: The appellant, U. Williamson, was a depositor in the City Savings & Trust Company Bank, which was situated and adjoining on the same floor with the appellee, the First National Bank of Vicksburg. On the 1st of January Williamson made a deposit in the Savings Bank with its cashier, Mr. Hickman, and then desired to deposit eighty dollars in the First National Bank, whose deposit window was a few feet away. When appellant, Williamson, stated to Mr. Hickman that he wished to deposit eighty dollars in the appellee, First National Bank, Hickman said, "I will take that right here," and thereupon he received the eighty dollars for deposit in the First National Bank, made out a deposit slip, and receipted Williamson for the eighty dollars as being received for deposit by the First National Bank, by writing the amount, date, etc., of the deposit in the First National Bank passbook held by Williamson. Following this, the next day, Mr. Tucker, an employee in the Savings Bank, for some unknown reason, changed the deposit slip from that of the First National Bank to the Savings Bank; consequently the eighty dollars was deposited in the Savings Bank, and not in the National Bank, where it was intended to be deposited by all parties. Hickman had received deposits for the National Bank in this

way many times before, for which "he was not criticized by the National Bank," and such deposits were always accepted by the First National Bank. Hickman testified, however, that he received this deposit and others as an accommodation to the depositor, and not for the National Bank, nor by authority of the National Bank; that he had no authority to receive deposits for the National Bank, but had often done so for the depositor in the manner stated.

The next day after the deposit by the appellant, Williamson, he drew one or more checks on his account of eighty dollars in the First National Bank, which checks, when presented, were dishonored and returned because of "insufficient funds." Finally, a few days thereafter, appellant called on the National Bank and presented its passbook, with the eighty dollar deposit written in it, and asked for an explanation for refusing payment of his checks. The error had then been discovered by the National Bank, which caused the trouble. Shortly before this the cashier of the National Bank, having discovered the mistake, wrote a letter to Williamson, the appellant, in which he said:

"We want to assure you that we regret very much that this error occurred, and we stand ready to write letters to the parties that held these checks, explaining to them that you had sufficient funds to meet them, and that we were entirely at fault in this matter."

Shortly before this the eighty dollars deposited erroneously in the Savings Bank was transferred to the National Bank to the credit of appellant, Williamson. This transfer of the deposit was made by Hickman, cashier of the Savings Bank, and was accepted by the First National Bank and credited to the account of appellant, Williamson. Following this, the dishonored checks were again presented to the National Bank for payment, and were duly paid and charged against said eighty dollars deposit account of appellant. Nothing further was done by any of the parties, and the deposit of the eighty dollars in the

National Bank, as receipted for in the National Bank passbook, was recognized and stood as a deposit account of appellant.

The testimony in the case, as stated above, was undisputed at the trial, and the appellant asked and was refused a peremptory instruction to find for the appellant, which is assigned as a cause for reversal.

The theory of the appellant is that there was no question of fact as to liability for the jury to determine, because the undisputed proof showed that the deposit of the eighty dollars by appellant was accepted and receipted for in the passbook as a deposit in the National Bank, which deposit and receipt in the passbook were afterwards ratified by the National Bank. The opposing contention of the appellee, National Bank, is that Hickman had no authority to receive the deposit and bind the National Bank, and that the deposit received by Hickman was solely for the accommodation of the depositor and was not for the National Bank, and this issue was decided by the jury.

We are convinced that under the undisputed facts in this case the contention of the appellant must prevail. When Hickman received the deposit for the National Bank, and, in effect, receipted for it in the passbook of and for the National Bank, and the National Bank afterwards received it and recognized the act of Hickman as its act, by admission and action, and adopted the receipt in the passbook as its receipt, and thereafter paid the checks of appellant against the deposit as written in the passbook, it was a ratification of the act of Hickman by the National Bank; and the National Bank is responsible to the depositor on account of the failure to honor his checks when presented to it for payment.

It appears to have been customary for Hickman to receive deposits for the National Bank in the same way as he received the one here in question, and they were accepted by the National Bank. The trouble in this case would not have arisen, except for the mistake made by an employee after Hickman had received the deposit for the

National Bank. The two banking institutions operate close together, though disconnected, and when Hickman issued a written receipt of the National Bank for the eighty dollars deposit to appellant, and the National Bank adopted the deposit as being made in its bank, by the evidential admission of the cashier and by honoring checks of appellant against it, thus confirming the receipt, it cannot be heard to say that the deposit was not received by it, because Hickman had no authority to act in the premises. As to the measure of damages, see *Grenada Bank* v. *Lester,* 89 So. 2.

*Reversed and remanded.*