THE WESTERN UNION TELEGRAPH COMPANY *v.* PATRICK.

The sender of a telegraphic message having erroneously given the address of the sendee as a particular street-number in a city, and the telegraph company having promptly carried the message to that number and being unable to deliver it because the sendee was not to be found there, the sender is not entitled to recover of the company the penalty prescribed by the act of 1887 (Acts 1887, p. 11), unless it affirmatively appears that the company knew the proper address of the sendee or could have readily ascertained the same. If upon examination of .the city directory the initials of the sendee's given name as contained in the message were not found, the company would not, in order to escape the penalty, be bound to send the message to a person whose surname in the directory was the same as that of the sendee, although in point of fact this person was really the sendee, whose given name as set out in the directory corresponded to one of the initials in the address, the other initial not appearing in the directory.

October 24, 1893.

Action for penalty.    Before Judge WESTMORELAND. City court of Atlanta.    January term, 1893.

BIGBY, REED & BERRY, for plaintiff in error.

CARTER & BARNES, *contra.*

SIMMONS, Justice.

In this case the sender of a telegraphic message recovered against the telegraph company the statutory penalty for failure to deliver with due diligence. It appears from the evidence that he gave the wrong address to the company. The message was directed to " Col. O. M. Bergstrom, 47 S. Pryor St., Atlanta, Ga."; but the person for whom it was intended did not stay at that number and could not be found there, and it does not appear that. he was known or had ever before been called by the title of " Colonel." He was a young man living with his father at another number on S. Pryor street and employed as a bookkeeper by a firm doing business on that street. Nothing was known of him at the telegraph office, and according to his own testimony he had never before received a telegraphic message. The name O. M. Bergstrom did not appear in the city directory. The name given the sendee in the directory was Magnus Bergstrom, and he was generally called by that name. At No. 47 S. Pryor street, (which was the city police station), they refused to receive the message, and no one there knew of such a person as O. M. Bergstrom. Inquiries were made at the jail to ascertain if there was a person of that name among the prisoners, the city directory was consulted, other places in the neighborhood of number 47 were visited, notice was posted, and another messenger was sent out to continue the search. Finally the sendee was found by inquiring of another person of the same surname, who on reading the message said it was intended for his son. It does not appear that there was

any delay in transmitting the message or in taking it to the place designated by the sender. It was received by the company and taken to that place on Saturday evening, and was delivered on Monday morning; but as the law does not require delivery on Sunday except in a work of charity or necessity (*Western Union Tel. Co.* v. *Hutcheson*, 91 *Ga.* 252), and as no such reason appears for requiring it here, the delivery may be treated as made on the next morning after the evening on which the message was received.

Under this state of facts, we do not think the plaintiff was entitled to recover. The taking of a message to the place designated therein, it is true, does not necessarily absolve the telegraph company from making any further effort to find the sendee, if he cannot be found at that place. (Gray, Teleg. §23.) If a wrong address is given and the company knows or can readily ascertain the proper address or where the sendee can be found, reasonable efforts must be made to find him and deliver the message. But before a recovery can be had by one who has given a wrong address, he must show that his giving the wrong address was not the cause of the delay. Where the sender has acted in a manner calculated to mislead the company and delay the delivery of the message, there can be no presumption that the delay is the fault of the company rather than of the sender. In this case there is no showing that the company knew the right address; according to the evidence it did not. Ought it to have found the right address sooner than it did? The evidence fails to show want of diligence in this respect; on the contrary, the company appears to have exercised all the diligence that could reasonably be expected of it. It is true the proper address might have been ascertained sooner than it was, if the means which finally proved successful had been sooner adopted; but it does not follow that the

company was bound to resort to that means at all. We think, where a telegraph company has promptly taken the message to the place designated by the sender and has ascertained that the sendee is not to be found there, it is not bound, in order to escape the statutory penalty, to take the message to another address which it does not know and has no reason to believe is the right one. Though it may know that there are persons in the city who have the same surname or who have both the surname and one of the initials of the name given in the message, yet if their names are in other respects different, and the company has no further reason for supposing that one of them is the person intended, it is under no duty to go to any of them. If the defendant had known that there was a person named O. M. Bergstrom residing on the street designated in the message, although not at the number designated, there would have been good reason for supposing that the address given in the message was incorrect and that this was probably the person intended; but the company was not bound, on finding the name Magnus Bergstrom in the city directory, to suppose that the person so described was the one intended. To look up every person in the city whose name is in part the same as that given in the message may often prove a good way of finding the proper person, but to do this would in many instances involve an amount of work on the part of the company altogether out of proportion to its compensation for the service of transmission and delivery, and the omission to do so would not show a want of ordinary and reasonable diligence. At any rate, we are satisfied that there was no such delay in this case as would entitle the sender to recover for want of due diligence, impartiality and good faith on the part of the company. To uphold a recovery under such circumstances would be to put a premium upon carelessness on the part of the senders

of messages, not to speak of the inducement it would afford to unscrupulous persons to deliberately mislead the telegraph company for their own profit.

*Judgment reversed.*