BENJAMIN C. DUNCAN v. WESTERN UNION TELEGRAPH
COMPANY.

[47 South. 552.]

1. TELEGRAPH COMPANY. *Error in transmission. Mental anguish.*

Damages are not recoverable by the sendee for mental anguish,. caused by the negligent transmission of a message and the delivery to him of an incorrect telegram.

2. SAME. *Actual damages. Expenses of useless trip.*

A telegraph company, by transmitting a message incorrectly and' thereby inducing the sendee and his wife to make a useless trip. becomes liable to him for the expenses thereof.

FROM the circuit court of Grenada county.

HON. J. T. DUNN, Judge.

Duncan, appellant and cross-appellee, was plaintiff in the court below; the telegraph company, appellee and cross- appellants, was defendant there. From a judgment for a small sum in plaintiff's favor he appealed to the supreme court and the defendant prosecuted a cross-appeal.

Duncan, appellant, had a son seventeen years old attending school in Virginia. Not having heard from him in some time, and being apprehensive that he might be ill, appellant, Duncan, sent a telegram to the superintendent of the school, inquiring about the boy's health. The superintendent of the school replied as follows: "Son very well." The message delivered to appellant read: "Son very ill." Appellant made effort to get the telegram confirmed, but, failing, tried the long-distance telephone, but was unable to communicate with the superintendent of the school. Appellant and his wife then took the first train for Virginia, thinking their son was dangerously ill and their presence necessary. While en route they were advised of the mistake in the transmission of the message and at once returned' to their home in Grenada, Miss. Appellant brought suit for

damages, both for the expense he had needlessly incurred and
for mental agony suffered.   The court below declined to admit
his testimony of mental suffering, and refused an instruction
that mental suffering was an element of damage.   Appellant re-
covered a judgment for the actual expense to which he had been
subjected in taking the unnecessary trip.

*Wm. C. McLean,* for appellant and cross-appellee.

Counsel for appellant and cross-appellee argued the case
elaborately and cited the following authorities:   Jones on Tele-
graph and Telephone Companies, § 539 *et seq.*; *Green v. Tele-
graph Co.,* 136 N. C. 489, 49 S. C. 165, 67 L. R. A. 985, 103
Am. St. Rep. 955 *et seq.,* and notes; *Barnes v. W. U. T. Co.,* 27
Nev. 438, 76 Pac. 931, 65 L R. A. 666, 103 Am. St. Rep. 776
*et. seq.*; *W. U. T. Co. v. Swearingin,* 97 Tex. 293, 78 S. W.
491, 104 Am. St. Rep. 879; *Willis v. W. U. T. Co.,* 69 S. C.
531, 48 S. E. 538, 104 Am. St. Rep. 828; *Wadsworth v. W. U.
T. Co.,* 86 Tenn. 695, 8 S. W. 574, 6 Am. St. Rep. 864; *W. U.
T. Co. v. Mellon,* 96 Tenn. 66, 33 S. W. 725; *Gray v. W. U. T.
Co.,* 108 Tenn. 39, 64 S. W. 1063, 56 L. R. A. 301, 91 Am. St.
Rep. 706; *Hendricks v. W. U. T. Co.,* 126 N. C. 304, 35 S. E.
543, 78 Am. St. Rep. 658; *Graham v. W. U. T. Co.,* 109 Ia.
1071, 34 South. 92; *Chapman v. W. U. T. Co.,* 90 Ky. 265, 13
S. W. 880; *W .U. T. Co. v. Van Cleave,* 107 Ky. 464, 54 S. W.
827, 92 Am. St. Rep. 366; *W. U. T. Co. v. Fisher,* 107 Ky. 513,
54 S. W. 830; *Reese v. W. U. T. Co.,* 123 Ind. 294, 24 N. E.
163, 7 L. R. A. 583; *Mentzer v. W. U. T. Co.,* 93 Iowa 752, 62
N. W. 1, 28 L. R. A. 72, 57 Am. St Rep. 294; *Cowan v. W. U.
T. Co.,* 122 Iowa 379, 98 N. W. 281, 64 L. R. A. 545, 101 Am.
St. Rep. 268; *W. U. T. Co. v. Cooper,* 71 Tex. 507, 9 S. W.
598, 1 L. R. A. 728, 10 Am. St. Rep. 772; *Thomas v. W. U. T.
Co.,* 120 Ky. 194, 85 S. W. 760; *W. U. T. Co. v. Caldwell,* 102
S. W. 840, 31 Ky. Law Rep. 497, 12 L. R. A. (N. S.) 749; *W.
U. T. Co. v. Henderson,* 89 Ala. 510, 7 South. 419, 18 Am. St.
Rep. 148; *W. U. T. Co. v. Aures,* 131 Ala. 391, 31 South. 78,

90 Am. St. Rep. 92; *T. Co. v. Wilson,* 93 Ala. 32, 9 South. 414, 30 Am. St. Rep. 23; *Same v. Krichbaum,* 132 Ala. 535, 31 South. 607; *So Relle v. Telegraph Co.,* 55 Tex. 308, 40 Am. Rep. 805; *Gulf R. Co. v. Levy,* 59 Tex. 542, 46 Am. Rep. 269; *Id.,* 59 Tex. 567, 46 Am. Rep. 278; *Stuart v. Telegraph Co.,* 66 Tex. 580, 18 S. W. 351, 59 Am. Rep. 623; Shearman & Redfield on Negligence, § 605; Gray on Communications by Telegraph, § 65; Wharton on Negligence, § 758; 3 Sutherland on Damages, 304; 2 Thompson on Negligence, 847.

*Harris, Powell, & Willing* and *Geo. H. Fearons,* for appellee and cross-appellant.

Counsel for appellee and cross-appellant argued the case fully citing the following cases: *Western Union Tel. Co. v. Rogers,* 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; *Western Union Tel. Co. v. Ferguson,* 157 Ind. 64, 60 N. E. 674, 1080, 54 L. R. A. 846; *Chapman v. Telegraph Co.,* 88 Ga. 763, 15 S. E. 901, 17 L. R. A. 430, 30 Am. St. Rep. 183; *Connell v. Telegraph Co.,* 116 Mo. 34, 22 S. W. 345, 20 L. R. A. 172, 38 Am. St. Rep. 575; *Telegraph Co. v. Saunders,* 32 Fla. 447, 14 South. 148, 21 L. R. A. 810; *Summerfield v. Western Union Tel. Co.,* 87 Wis. 1, 57 N. W. 973, 41 Am. St. Rep. 17; *Francis v. Telegraph Co.,* 58 Minn. 252, 59 N. W. 1078, 25 L. R. A. 406, 49 Am. St. Rep. 507; *Buiner v. Telegraph Co.,* 2 Okl. 234, 37 Pac. 1087; *Morton v. Western Union Tel. Co.,* 53 Ohio St. 431, 41 N. E. 689, 32 L. R. A. 735, 53 Am. St. Rep. 648; *Telegraph Co. v. Haltom,* 71 Ill. App. 63; *Curtin v. Western Union Tel. Co.,* 13 App. Div. 253, 42 N. Y. Supp. 1109; *Peay v. Western Union Tel. Co.,* 64 Ark. 538, 43 S. W. 965, 39 L. R. A. 463; *Davis v. Western Union Tel. Co.,* 46 W. Va. 48, 32 S. E. 1026; *Lewis v. Telegraph Company,* 57 S. C. 325, 35 S. E. 556; *Connelly v. Western U. Tel. Co.,* 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St. Rep. 919.; *Huston v. Freemansburg,* 212 Pa. 548, 61 Atl. 1022, 3 L. R. A. (N. S.) 49; *Russell v. Telegraph Co.,* 3 Dak. 315, 19 N. W.

408; *West v. Telegraph Co.,* 39 Kan. 93, 17 Pac. 807 7 Am. St. Rep. 530; *Cocke v. Western Union Telegraph Co.,* 84 Miss. 380, 36 South. 392; *Telephone Co. v. Baker,* 85 Miss. 486, 37 South. 1012; *Telephone Co. v. Allen,* 89 Miss. 832, 42 South. 666; *Western Union Telegraph Co. v. Clifton,* 68 Miss. 307, 8 South. 746; *Jacobs v. Postal Telegraph Co.,* 76 Miss. 278, 24 South. 535; *Western Union Telegraph Co. v. Palotta,* 81 Miss. 216, 32 South. 310; *Telegraph Co. v. Pearce,* 82 Miss. 487, 34 South. 152; *Johnson v. Telegraph Co.,* 79 Miss. 58, 29 South. 787, 89 Am. St. Rep. 584; *Hilley v. Telegraph Co.,* 85 Miss. 67, 37 South. 556.

Mayes, J., delivered the opinion of the court.

We have carefully examined this case and all the authorities cited by counsel on either side. We find no error either on direct appeal or cross-appeal, and would affirm the case without written opinion, were it not for the fact that the main object of the direct appeal is to have us overrule the case of *Telegraph Company v. Rogers,* 68 Miss. 748, 9 South. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300, wherein it is held that no damage can be recovered on account of mental pain and anguish. The *Rogers case* was decided in 1891, and has stood as the law of this state for seventeen years. Since it was decided we have had many sessions of the legislature without any change being made in the law, and we shall not now disturb the decision.

On the cross-appeal we do not think the court erred in any particular. The authorities cited by the cross-appellant are readily distinguished in their facts from the case now on trial. The case of *Hilley v. Western Union Telegraph Company,* 85 Miss. 67, 37 South. 556, comes nearer this case on its facts, than any other case cited on cross-appeal; but the *Hilley case* is easily distinguished. In the *Hilley case, supra,* the facts showed that Hilley was at Meridian, Miss., and having a sick child at his home in Sugar Valley, Ga., wired to his wife there the following telegram: "Wire me, McComb City,

Miss., how sick are." On receipt of the message, Mrs. Hilley wired to McComb City, as requested: "Sick are no better." This message was sent to McComb City, but was not delivered to Hilley, because he had been ordered to go to Vicksburg, and did not go to McComb City. When Hilley learned of this change in his plans, he wired the telegraph office in McComb City the following message: "Forward all telegrams for me to Vicksburg, Miss." Hilley never received the message sent by his wife, because of the negligence of the company, and being anxious about his family, and having made many inquiries for the telegram at the Vicksburg office after his arrival there, left for his home without again wiring to his home, and the court held that under these circumstances he was not entitled to the expense of his trip home.

But this case now under consideration is very different in its facts. In this case Duncan's son, a boy of seventeen years, was attending the Virginia Military Institute at Lexington, Va. Duncan had not heard from his son in a long while, and, being uneasy about him, wired the following telegram to the superintendent of the institution: "Is Townes sick? Have not heard from him for some time. Answer promptly, collect." Replying to the telegram, the superintendent wired back, "Son very well;" but the company negligently changed the telegram so that it read: "Son very ill." On receipt of the message reading this way, Duncan and his wife very naturally left on the first train to go to their son. Under these circumstances it is our view that he should be allowed the expenses of this trip. It was not reasonable to suppose that another telegram would relieve him of the necessity of the trip, and the negligence of the company in making the telegram read "Son very ill," instead of "Son very well," as it should have read, directly caused the unnecessary expense. What father or mother, who could have left for their son's bedside, under these circumstances, would not have done so?

*Affirmed on appeal and cross-appeal.*