# JACOB R. KOLLINER v. WESTERN UNION TELEGRAPH COMPANY.[1]

June 19, 1914.

Nos. 18,572—(105).

**Telegram — Montana contract — proximate cause.**

Plaintiff, who was in Minnesota, was requested by a telegram from a business associate in Spokane, Washington, to be in that city at a time stated, and made the trip. On arrival at Glendive, Montana, plaintiff telegraphed his associate: "Will arrive Saturday night, 8:45 p. m. N. P. train." This message was not delivered until after plaintiff's arrival in Spokane. In conquence, parties with whom plaintiff and his associate expected to transact the business that was the object of the trip, left the city, and thereby the trip was valueless. It is *held:*

(1) The contract being made in Montana, the measure of recovery for its breach is not governed by the statute law of this state (R. L. 1905, § 2931, G. S. 1913, § 6259), and, in the absence of pleading and proof of. a Montana statute, the common law rule governs.

(2) Under the common-law rule, there being nothing in the language of the message to apprise the telegraph company that a failure to deliver it might result in plaintiff's trip proving valueless, and no special circumstances communicated to the company, its breach of contract was not the proximate cause of plaintiff's loss of time and of the expense of his trip.

Action in the district court for Washington county to recover $201. The answer admitted the receipt of the message mentioned in the complaint and opinion, denied any negligence on the part of defendant or any of its servants in the transmission or delivery of the message, and expressly denied that plaintiff suffered any damage by reason of any act or omission of defendant. The case was tried be-

[1] Reported in 147 N. W. 961.

Note.—As to when a telegraph company is charged with notice of importance of commercial message, see note in 41 L.R.A.(N.S.) 1188.

fore Stolberg, J., who made findings and ordered judgment for $148 in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

C. M. Ferguson and George H. Fearons, for appellant.

J. C. Nethaway, for respondent.

BUNN, J.

Action to recover damages, alleged to have been caused by delay in the delivery of a telegram. The case was tried to the court without a jury, and a decision rendered in favor of plaintiff, assessing his damages at the sum of $148. Defendant appealed from the judgment entered on the decision.

The controversy here is wholly as to the measure of plaintiff's damages. The facts are as follows:

Plaintiff lives in Stillwater, Minnesota, but was associated with one J. A. Irvine in land and logging business in the state of Washington. On April 2, 1912, Irvine wired plaintiff from Spokane, Washington, to be in Spokane without fail Saturday night April 6. On April 1, Irvine had written plaintiff to wire him Saturday care of Western Union office in Spokane. In response to this telegram and letter, plaintiff left Stillwater for Spokane April 4, 1912. On his arrival at Glendive, Montana, about six o'clock p. m. of April 5, he delivered to defendant a telegram addressed to Irvine at the Western Union Telegraph office in Spokane, reading as follows: . "Will arrive Saturday night 8:45 p. m. N. P. train," and paid the charges for its transmission. The message arrived at defendant's office in Spokane before 8 o'clock a. m. on April 6. Irvine inquired at the office three times during the day for a message, the last inquiry being about 6 p. m., and each time was informed that there was no message for him. Plaintiff arrived in Spokane about midnight of April 6, and met Irvine on the morning of the seventh. The trip was made for the purpose of meeting Irvine and certain others to negotiate for the sale and purchase of certain pine lands. Because of defendant's failure to deliver the telegram, the parties with whom Irvine and plaintiff expected to transact the business that was the object of the

trip, not knowing that plaintiff was on his way to Spokane, left that city, and thereby rendered plaintiff's trip of no value. He was compelled to return to Stillwater, without accomplishing in any way the purpose of his trip.

The trial court assessed as damages plaintiff's railroad fare from Stillwater to Spokane and return, the other expenses and six days loss of time. Defendant makes no point as to the court's finding of plaintiff's expenses, or the value of his time. Its contention is that no part of the damages allowed is the natural, direct and proximate result of the delay in the delivery of the telegram. It is true that plaintiff did not incur the expenses of the trip because of any breach of its contract by defendant. But, accepting the finding of fact, as we must, these expenses were rendered a total loss to plaintiff by defendant's failure to deliver the message announcing his expected arrival in Spokane. The question is whether the loss was proximately caused by defendant's breach of its contract to deliver plaintiff's message. There is no claim of loss of profits, resulting from the failure of plaintiff to consummate a deal with the people he expected to meet. The question is narrowed to this, as it seems to us: Was the loss which plaintiff sustained from defendant's breach of its contract such as may fairly and reasonably be considered, as either arising naturally—that is, according to the usual course of things—from such breach of contract, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of a breach of it. Hadley v. Baxendale, 9 Exch. 353; Beaupré v. Pacific & Atlantic Tel. Co. 21 Minn. 155.

1. This question must be determined under the common-law rule. The contract was made in Montana, and there was no pleading or proof as to the statutes of that state. It is presumed, therefore, that the common law on the subject is in force in that state. This is conceded. We may concede that if our statute, R. L. 1905, § 2931 (G. S. 1913, § 6259), as construed in Francis v. Western Union Tel. Co. 58 Minn. 252, 59 N. W. 1078, 25 L.R.A. 406, 49 Am. St. 507, governed the case, plaintiff's damages might be considered as proxi-

mately caused by defendant's failure to deliver his telegram. But concededly the common law must govern the question of the damages which plaintiff is entitled to recover. The Beaupré case was decided before the enactment of the statute.

2. Under the common-law rule was the loss sustained by plaintiff —the expenses of his trip and loss of time—the proximate result of defendant's breach of contract? There is no claim that plaintiff communicated to defendant any special circumstances which gave defendant notice of the importance of the message or of the results likely to follow a failure to transmit or deliver it, and it is clear that the message itself conveyed no such notice. It simply announced the sender's expected arrival in Spokane at the time stated. The wires are frequently used to announce the time of the expected arrival of a relative, friend, or guest, as well as of one on business. How can the telegraph company surmise the importance of the announcement reaching the addressee promptly? Naturally, according to the usual course of things, the damage would be limited to the cost of the message, with some annoyance and perhaps inconvenience. If the sender considers that, by reason of special circumstances known to him, the nondelivery of his message is likely to have more serious consequences, he may protect himself by communicating such circumstances to the company when he delivers the message. It is going too far to say, in the absence of some notice of this kind, and in the absence of a statute, either that the loss suffered by plaintiff arose naturally from defendant's breach of contract, or that it is reasonable to suppose that such loss was in the contemplation of defendant, or even of plaintiff, at the time they made the contract, as the probable result of a breach of it. The message conveyed the knowledge that plaintiff expected to meet Irvine, and he did meet him. Clearly, defendant knew nothing about the expected meeting with others, or that the purpose of plaintiff's journey would utterly fail, if the telegram was not delivered. Indeed it is rather hard for us to understand how this result could follow in this case, but we must accept the finding of the trial court to that effect. This, however, is but one of the elements necessary to a recovery of damages for this result. The others were stated so well in Hadley v. Baxendale that it has always

been found impossible to improve on Baron Alderson's language in that famous case.

Plaintiff relies upon a line of cases holding that where, as the direct result of negligence of the telegraph company in sending or delivering a message, plaintiff makes a trip which, had it not been for the company's breach of duty, it would not have been necessary to make, plaintiff may recover the reasonable and necessary expenses of the trip. 37 Cyc. 1767, and cases cited. The recovery in these cases has rested upon the proposition that the message itself conveyed notice to the company that its breach of the contract might result in an unnecessary trip. In Western Union Tel. Co. v. Short, 53 Ark. 434, 14 S. W. 649, 9 L.R.A. 744, plaintiff received a message reading "Seaton's case is set for Saturday, August seventh," and signed by the attorneys in the case. Plaintiff had been recognized to appear as a witness on the trial, and in response to the message went from Nashville, Arkansas, to Bonham, Texas, arriving there on the sixth, when he discovered that the message as delivered to the company for transmission specified August 17 as the day the case was set. Plaintiff returned to Nashville to await the true date. It was held that the message itself indicated that plaintiff would probably be induced thereby to go to Bonham to attend the trial of the case, and he was allowed to recover the expenses of his useless journey. In Duncan v. Western Union Tel. Co. 93 Miss. 500, 47 South. 552, a message to plaintiff reading "son very well" was delivered as "son very ill," and induced plaintiff to go to his son. It was held he could recover the expenses of the trip. In Salinger v. Western Union Tel. Co. 147 Iowa, 486, 126 N. W. 362, plaintiff, an Iowa lawyer, was in Milwaukee on business, and telegraphed to one Korte at his home at Carroll, Iowa,: "Wire quick how soon I must be home." Korte replied by wire that he need not come until February 11. The message was not delivered, and plaintiff, who had cases pending in the court in Iowa, getting no answer to his message, thought it necessary to go to attend to these cases, though he still had work to do in Wisconsin. The failure to deliver the telegram made another trip to Wisconsin necessary, and plaintiff was permitted to recover the expenses of this trip. In Lee v. Western Union

Tel. Co. 51 Mo. App. 375, a recovery of the expenses of a trip made necessary by the failure of the company to deliver a telegram, announcing the absence of the person to see whom plaintiff made the journey, was allowed. In Hall v. Western Union Tel. Co. 139 N. C. 369, 52 S. E. 50, the expenses of a trip were held the proximate result of the nondelivery of a message reading: "How is mother to-day? Let me know at once and I will come at once." In Western Union Tel. Co. v. Murray, 29 Tex. Civ. App. 207, 68 S. W. 549, expenses of a trip, taken because of the nondelivery of a telegram advising against it were recovered. In Sprague v. Western Union Tel. Co. 6 Daly (N. Y.), 200, failure to deliver a telegram caused plaintiff and his counsel to take a trip to attend the trial of a case in which plaintiff was a party, the trial having been in fact postponed, making another trip necessary.

These cases and others along the same line are clearly distinguishable from the case at bar. We have been able to find no case like the instant one in its facts. Here plaintiff's trip was clearly not caused by the negligence of defendant. And there was nothing in the message itself which, by any reasonable inference, informed defendant that there was any likelihood that the trip would be useless, or another trip necessary, if the message was not delivered. In each of the above cases, and in all of the cases to which our attention has been called, a fruitless journey was taken because of the nondelivery of or a mistake in a telegram. In each the message itself showed its importance, and the probability that a breach of the company's contract would result in an unnecessary trip.

We are obliged to hold that, under the common-law rule and in the absence of a statute, defendant's breach of contract was not the proximate cause of plaintiff's expenses or loss of time. The recovery, on the evidence before the court, should have been limited to the sum paid for the transmission of the telegram. We regard this conclusion as supported by the overwhelming weight of authority. See the exhaustive note to Kagy v. Western Union Tel. Co. [37 Ind. App. 73, 76 N. E. 792] in 117 Am. St. 286, also Primrose v. Western Union Tel. Co. [154 U. S. 1, 14 Sup. Ct. 1098], 38 L. ed. 883.

Judgment reversed.