## WESTERN UNION TELEGRAPH COMPANY *v.* TRAVIS.

1. It can not be said that the verdict was entirely without evidence to support it.
2. Where the judge in other portions of his charge had correctly instructed the jury as to the degree of diligence which the defendant was bound under the law to observe, the mere fact that he gave them the definition both of ordinary diligence and extraordinary diligence is not ground for the grant of a new trial.
3. The plaintiff having testified: "I am well known on Division Street [the street on which she lived]; every one out there knows me, even the little children," it was not error to refuse to rule out this evidence on the ground that it was a mere conclusion of the witness.
4. In the absence of a timely written request, the failure of the court to charge upon the subject of the burden of proof and the preponderance of evidence is not ground for the grant of a new trial. *Small* v. *Williams,* 87 *Ga.* 681 (13 S. E. 589).
5. There was no error in failing to instruct the jury in the language of the written request to charge, set out in the last ground of the motion for a new trial.

SEPTEMBER 17, 1915.

Action for penalty. Before Judge Mathews. Bibb superior court. March 7, 1914.

*Hall & Roberts,* for plaintiff in error.

*Feagin & Hancock,* contra.

BECK, J. Cora Travis brought suit against the Western Union Telegraph Company, to recover the statutory penalty of $25 provided for in section 2812 of the Civil Code. The jury returned a verdict in favor of the plaintiff for the amount of the penalty. The plaintiff was the addressee of a telegram sent by a person in Savannah. The telegram in full read as follows:

"Mrs. Cora Travis, 906 Division Street, Macon, Ga.

"Vash is dead come tonight. Laura Edwards."

The plaintiff did not live at 906 Division Street, the address given in the telegram by the sender, but lived at 609 on the same street. The defendant, being dissatisfied with the adverse verdict, made a motion for a new trial, which having been overruled, it excepted.

1. We can not say that the verdict in this case is entirely without evidence to support it. While there was a strong showing made by the defendant, tending to establish its contention that it had exercised due diligence to deliver the telegram, which was misdirected, after all the question of due diligence and of negligence

was a qustion for the jury. We have read carefully the case of *Western Union Telegraph Co*. v. *Patrick*, 92 *Ga*. 607 (18 S. E. 980, 44 Am. St. R. 90), but we do not find anything in that case that requires a different ruling from that here made.

2. In the 5th ground of the motion for a new trial it is complained that the court charged the jury as follows: "Now, there are various degrees of diligence. There is what is known as extraordinary diligence, that is, the diligence that persons of extraordinary prudence, very prudent persons, exercise. Ordinary diligence is the diligence that every person of ordinary prudence exercises in and about matters of the same kind." This charge is criticised on the ground that it was calculated to mislead and confuse the jury, and probably did mislead and confuse them as to the degree of diligence required of the defendant in the transmission and delivery of the message in question, the rule of extraordinary diligence not being applicable to the case. We do not think the jury could have been misled by this charge; for, while the judge did define extraordinary diligence as well as ordinary diligence, in more than one other place in his charge he instructed the jury that the defendant was bound to exercise ordinary and reasonable diligence.

3-5. Headnotes 3, 4, and 5 require no elaboration.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*