16303.  MYERS *et al.* v. WESTERN UNION TELEGRAPH COMPANY.

Necessary and reasonable expenses of an unnecessary trip caused by negligence of a telegraph company, in failing to deliver a telegraphic message in a reasonable time, are recoverable.

The judgment rendered by the trial court was demanded by the law and the evidence, and the judge of the superior court erred in sustaining the certiorari and in rendering a final judgment in favor of the plaintiff in certiorari.

                    DECIDED MAY 14, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. January 4, 1925.

Application for certiorari was made to the Supreme Court.

Vick Myers and others, of Atlanta, Georgia, doing business

under the name of Vick Myers Melody Orchestra, brought suit in the municipal court of Atlanta against the Western Union Telegraph Company to recover damages claimed to have been incurred on account of a useless trip from Atlanta to Fayetteville, Tennessee, the result of alleged negligence on the part of defendant company in failing to deliver promptly a telegram to the plaintiffs. The case was heard by the court without the intervention of a jury, and a judgment was rendered in favor of the plaintiffs for $283. The defendant obtained a writ of certiorari, and the superior court sustained the certiorari and rendered a final judgment in favor of the defendant. To this judgment the plaintiffs excepted.

Upon the hearing in the trial court the evidence and the facts agreed upon, with the legal inferences and deductions arising therefrom, disclosed the following undisputed facts: From the 18th to the 21st of July, 1924, several telegrams were exchanged between Vick Myers, acting for the plaintiffs, and Hugh W. Moores, of Fayetteville, Tennessee, resulting in a contract between them. Under the contract the plaintiffs were to furnish music for two dances in the Tennessee town on August 28 and 29, 1924. These telegrams were transmitted by the defendant company. On the night of July 25, 1924, Myers delivered to the telegraph company the following telegram:

"5 N A S 49NL.

"Atlanta, Ga. Jul. 25, 1924.

"Hugh W. Moores, Fayetteville, Tenn.

"Will arrive Fayetteville Monday morning nine fifty am make reservation for nine men can play nights of thirtieth and thirty first two hundred fifty per night flat playing here Friday night have options here thirtieth and thirty first wire before three PM Sunday if can book extra jobs.

"Vick Myers.

"832 A July 26."

When Myers delivered this telegram to the defendant he handed to the clerk receiving it instructions, on a separate sheet of paper, to forward any reply thereto to 719 N. Boulevard, but was told by the clerk that such instructions on a separate paper were unnecessary, and the clerk directed him to write the instructions on the original telegraph blank (which contained his message), under

the words: "Sender's address for answer." Myers thereupon tore up the separate paper and wrote under the above-quoted words: "719 N. Blvd." This telegram was duly delivered by the defendant to Moores, who, on the morning of July 26, 1924, delivered to the defendant at Fayetteville, Tennessee, the following answer:

"Vick · Myers Melody Orchestra, Atlanta, Ga.

"From your night letter looks as tho you intend arrive here July twenty eight which is thirty days before date you are to play here My wires state that dances to be August twenty eighth and twenty ninth.

"Hugh W. Moores."

This telegram was received by the Atlanta operator of the defendant company at 9.40 a. m., on July 26, 1924, and was delivered by the defendant to WSB, Atlanta Journal Radio Station, at 10 o'clock a. m., on the same day. No instructions had been given the defendant by any one for such delivery. Myers was at 719 North Boulevard, Atlanta, Georgia, on July 26, 1924, and on July 27, until 3 p. m., when, not having received an answer to his telegram, he left with his orchestra to fulfill the contract, he being under the impression that he was to play in Fayetteville, Tennessee, on July 28 and 29, 1924. The telegram from Moores was not delivered to him until his return to Atlanta on July 31. *He would not have made the trip if he had received the telegram from Moores before he left Atlanta.* The necessary and reasonable expenses of his trip amounted to $283. When he left Atlanta with his orchestra he had in his possession all the telegrams which had passed between Moores and himself, except the last one from Moores, which had not been delivered to him. These telegrams could have been examined by him before be left Atlanta. He first discovered that his engagement was for August, instead of July, just before arriving at Fayetteville, Tenn., when a passenger on the train informed him that it was understood in Fayetteville that the engagement was for August 28 and 29, and upon inspecting the telegrams in his possession he found that such was the case.

*Watkins & Asbill,* for plaintiffs.

*Herman Heyman, Dorsey, Howell & Heyman,* for defendant.

BROYLES, C. J. (After setting forth the foregoing facts.)

It is argued by counsel for the telegraph company that the expenses incurred by the plaintiffs for the trip to Fayetteville were the result of their own negligence and were not proximately caused by any negligence of the telegraph company. We can not agree with this contention. As we view the case, conceding that the plaintiffs were negligent in not examining the telegrams in their possession before leaving Atlanta for the trip to Tennessee, the negligence of the telegraph company in not promptly delivering the last telegram from Moores to Myers, under all the facts of the case, was the proximate cause of the expenses sued for. *The defendant knew from this telegram, and from the one to which it was an answer, that Myers had become confused as to the dates of his engagement, and that unless Moores' last message was delivered to Myers at 719 North Boulevard, Atlanta, Georgia, before 3 p. m. of July 27, Myers would probably leave Atlanta with his orchestra on an expensive and unnecessary trip. Knowing this, the telegraph company, although receiving the message in Atlanta in ample time to have delivered it to Myers at 719 North Boulevard, before 3 p. m. of July 27, as it had been specifically directed to do, failed to so deliver it, but, without rhyme or reason, so far as the record discloses, promptly delivered it to an entire stranger, the Atlanta Journal Radio Station. This conduct of the defendant amounted to gross negligence and rendered it liable to the plaintiff for the damages proximately resulting therefrom.* See, in this connection, *Baldwin* v. *Western Union Tel. Co.,* 93 *Ga.* 692 (1) (21 S. E. 212, 44 Am. St. R. 194); *Western Union Tel. Co.* v. *Hines,* 96' *Ga.* 688 (3, 4) (23 S. E. 845, 51 Am. St. R. 159); *Western Union Tel. Co.* v. *Fatman,* 73 *Ga.* 285 (2 b); *Western Union Tel. Co.* v. *Patrick,* 92 *Ga.* 607, 609 (18 S. E. 980, 44 Am. St. R. 90); *Western Union Tel. Co.* v. *Waxelbaum,* 113 *Ga.* 1017 (1) (39 S. E. 443, 56 L. R. A. 741); *Wilson* v. *Western Union Tel. Co.,* 124 *Ga.* 131, 133 (52 S. E. 153); *Stewart* v. *Postal Telegraph-Cable Co.,* 131 *Ga.* 31 (3) (61 S. E. 1045, 18 L. R. A. (N. S.) 692, 127 Am. St. Rep. 205); Western Union Tel. Co. *v.* Barbour, 206 Ala. 129 (89 So. 299, 17 A. L. R. 103). The cases cited by counsel for the defendant in error are distinguished from the instant case by their particular facts,

It is well settled that the necessary and reasonable expenses of

an unnecessary trip, caused by the negligence of a telegraph company in failing to deliver a telegraphic message within a reasonable time, are recoverable. *Western Union Tel. Co.* v. *Bates, 93 Ga.* 355, 356 (120 S. E. 639) ; Kolliner *v.* Western Union Telegraph Co., 126 Minn. 122 (147 N. W. 961, 52 L. R. A. (N. S.) 1184, 1185), and cases cited; 37 Cyc. 1767.

The judgment rendered by the trial court was demanded, under the law and the evidence, and the judge of the superior court erred in sustaining the certiorari and in rendering final judgment for the plaintiff in certiorari.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*