17003. DANIELS *v.* ARLINGTON WHOLESALE COMPANY.

It was not error to omit to charge the jury, without request, that the burden was on the plaintiff to make out his case by a preponderance of evidence.

The slight inaccuracy in the charge of the court in stating what "the defendant sets up in his plea" was not likely to mislead the jury, and is not ground for a new trial.

There being no material error of law on the trial, the verdict, which is supported by evidence and approved by the trial judge, can not be disturbed.

DECIDED MARCH 2, 1926.

Complaint; from city court of Blakely—Judge Sheffield. November 16, 1925.

*W. I. Geer,* for plaintiff in error. *E. L. Smith,* contra.

BLOODWORTH, J. 1. The first of the two special grounds of the motion for a new trial alleges that "the court erred in not giving in charge to the jury, even without any request to do so, the rule of law in reference to the preponderance of evidence; and because nowhere in the entire charge did the court inform the jury that the burden was upon the plaintiff to make out his case by a preponderance of the evidence." There is no merit in this ground. The 4th headnote in *Western Union Telegraph Co.* v. *Travis,* 144 *Ga.* 110 (86 S. E. 221), is as follows: "In the absence of a timely written request, the failure of the court to charge upon the subject of the burden of proof and the preponderance of evidence is not ground for the grant of a new trial. *Small* v. *Williams,* 87 *Ga.* 681 (13 S. E. 589)." In *Brooks* v. *Griffin,* 10 *Ga. App.* 497 (5) (73 S. E. 752), this court held: "The court is not required to charge the jury upon the preponderance of testimony unless requested so to do." Moreover, the judge did charge the jury that "if you believe by the greater weight of evidence that this note," etc.

---

Appeal and Error, 4 C. J. p. 864, n. 34.

New Trial, 29 Cyc. p. 791, n. 15.

Trial, 38 Cyc. p. 1693, n. 55; p. 1702, n. 57; p. 1750, n. 16; p. 1751, n. 21.

2. While in the excerpt from the charge of which complaint is made in the other special ground of the motion there is a slight inaccuracy as to what "the defendant sets up in his plea," this is not such an error, in view of the facts, as likely misled the jury.

3. The jury passed upon the disputed questions of fact, determined the issue in favor of the plaintiff, and, in the absence of any material error of law committed on the trial, this court can not interfere with the verdict supported by evidence and approved by the judge who tried the case.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*