### 18325. SAVANNAH MOTOR CAR CO. INC. *v.* BUTLER.

1. Though conflicting, the evidence is sufficient to withstand the attack of the general grounds of the motion for a new trial.
2. Where an automobile is sold under a retention-of-title-contract and the seller elects to sue in trover instead of on the contract, any special stipulations in the contract that might affect the rights of the parties if the suit had been to enforce the contract can not be considered in the trover suit.
3. There is no merit in the contention that the court erred in so instructing the jury as to exclude the special stipulations in the contract.
(a) There having been no request to charge as to the burden of proof resting upon the defendant to establish his plea, failure to charge on this topic will not require a new trial.

New Trial, 29 Cyc. p. 791, n. 15; p. 827, n. 45; p. 942, n. 95.
Sales, 35 Cyc. p. 512, n. 25; p. 518, n. 97.
Trial, 38 Cyc. p. 1693, n. 55; p. 1750, n. 16.

21

4. The excerpt from the charge of the court complained of upon the subject of the time when demand was made for the automobile was not, for any reason pointed out in the record, erroneous.

DECIDED NOVEMBER 15, 1927.

Trover; from city court of Savannah—Judge Freeman. May 13, 1927.

*I. C. Farthing, James T. Hill, N. J. Norman,* for plaintiff.
*Wilson & Rogers,* for defendant.

LUKE, J.  Plaintiff sued in trover for an automobile sold under a retention-of-title-contract, alleging that the automobile was worth $220, and asking for a money verdict.  Defendant denied all the material allegations of the petition, and pleaded further that he purchased an automobile from the plaintiff in March, 1926, for $200, paying $100 cash on it; that the car proved to be worthless; that defendant returned it to plaintiff, who turned over to him the car described in the petition, with the statement that defendant was to keep it until plaintiff could furnish him with a satisfactory car; "that the car described in the petition proved totally worthless, and defendant notified petitioner that he did not want it and could not make any use of it, and requested that he send for the car, which he agreed to do;" that defendant had at all times been willing and anxious to deliver said car to petitioner, and so informed petitioner's agent, and instructed the party with whom the car was stored to deliver it to petitioner when he called for it; that in addition to the $100 paid on the first car, defendant expended $43 in trying to get said cars to run; and that defendant have a judgment for $100.

The jury found a verdict for the defendant for $100.  The plaintiff excepts to the overruling of his motion for a new trial.

1.  Though sharply conflicting as to the value of the automobile and the payments made thereon, and in other respects, the evidence is sufficient to withstand the attack of the general grounds of the motion for a new trial.

2.  Ground 1 of the amendment to the motion for new trial, complaining that the court erred in admitting the retention-of-title-contract only for the purpose of showing title, when as a matter of fact it contained a statement that the defendant had examined said automobile and accepted it in its then condition, and contained another clause waiving all claims for damages arising under the contract, is controlled adversely to the plaintiff in

error by the following rule enunciated in *Ayash* v. *Georgia Show-Case Co., 17 Ga. App.* 467 (2) (87 S. E. 689): "The plaintiff having elected to bring his suit in trover, instead of suing upon the contract, the admission in evidence, over appropriate objection, of the written contract between the parties, for any other purpose than to show title in the plaintiff, was error. Any special terms or stipulations in the contract that might affect the rights of the parties if the suit had been to enforce the contract can not be considered in a trover suit." See also *City of Jeffersonville* v. *Cotton States Belting Co., 30 Ga. App.* 470 (9) (118 S. E. 442). That portion of this ground which complains in effect that the court's ruling excluded pertinent evidence that after the original contract for $300 was made the amount due thereon was reduced to $253.85 and a renewal note given therefor, and that subsequently several payments were made reducing the last-mentioned note to $218.50, the amount sued for, is without merit. Neither the original contract nor the original note would have shown these facts.

3. There is no merit in the contention that the court erred in so charging the jury as to exclude consideration of the provisions in the contract that the defendant had examined the automobile and accepted it in its then condition, and that he waived all claims for damages as against the agreement. See cases cited above. The complaint that the court erred in failing to charge the burden resting upon the defendant in establishing his plea is without merit, under the following rule: "No request being made to charge as to the burden of proof, or the preponderance of evidence, mere failing to charge on these topics will not require a new trial." *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5).

4. The excerpt from the charge of the court complained of upon the subject of the time when demand was made for the automobile was not, for any reason pointed out in the record, erroneous. *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*