## HANNAH LIND v. WESTERN UNION TELEGRAPH COMPANY.[1]

January 27, 1928.

No. 26,372.

**When foreign telegrams are governed by tariffs filed with interstate commerce commission.**

1. The foreign and interstate business of telegraph and telephone companies comes under the federal law regulating commerce, and comes within the jurisdiction of and is subject to regulation by the interstate commerce commission.

Where such companies file their tariffs, rules and regulations with the commission, reasonable limitations of liability therein contained become and are valid as to all persons sending foreign or interstate messages over their lines.

**Blank form inadmissible in evidence for lack of sufficient foundation.**

2. The exclusion from the evidence of a blank form, claimed to be a copy of a contract form used by defendant in receiving the message here in question, *held* not error, there being no sufficient foundation laid.

**Finding as to damages sustained.**

3. The findings as to the amount of damages *held* sustained by the evidence.

Commerce, 12 C. J. p. 35 n. 90.
Evidence, 22 C. J. p. 1045 n. 57.
Telegraphs and Telephones, 37 Cyc. p. 1684 n. 6; p. 1740 n. 29.

See 26 R. C. L. 573; 3 R. C. L. Supp. 1476; 4 R. C. L. Supp. 1671; 6 R. C. L. Supp. 1561.

Defendant appealed from an order of the municipal court of Minneapolis, C. L. Smith, J. denying its motion for a new trial. Affirmed.

*Charles B. Elliott* and *N. M. Coursolle,* for appellant.
*Carl J. Lind,* for respondent.

[1]Reported in 217 N. W. 486.

Olsen, C.

On June 26, 1924, plaintiff delivered to the defendant, at its Minneapolis office, a money transfer order and a message included therein, for transmission by wire and cable and delivery to the American consul at Havana, Cuba. The order and message, being in one instrument, will hereafter be referred to as the message. Before accepting the message, defendant was informed of the object and importance thereof and told that it was necessary that the message and money be delivered to the consul before noon of the next day. Defendant stated to plaintiff that same would be so delivered. Plaintiff paid over to defendant the money to be transferred and the charges for transmitting the message. The message was not delivered to the consul at Havana until July 9 or 10, and plaintiff suffered substantial loss and damage by the delay in delivery. She recovered damages in the trial court, and defendant appeals from an order denying its motion for a new trial.

The defense pleaded and attempted to be proved was, in substance, that this was a foreign message; that as to foreign and interstate messages and business the defendant is subject to and governed by the federal act to regulate commerce and subject to the jurisdiction, rules and regulations of the interstate commerce commission; that the message signed by plaintiff (by her agent) contained the provision that:

"When the Company has no office at destination authorized to pay money, it shall not be liable for any default beyond its own lines, but shall be the agent of the sender, without liability, and without further notice, to contract on the sender's behalf with any other telegraph or cable line, bank or other medium, for the further transmission and final payment of this order.", and the provision that:

"The company is hereby made the agent of the sender, without liability, to forward this telegram over the lines of any other company when necessary to reach its destination."; that this was a standard form of message contract used by defendant and was filed with and approved by the interstate commerce commission and in

force at the time in question; that defendant had at the time no office authorized to pay money at Havana, Cuba; that the message was promptly transmitted by defendant from Minneapolis to its office in New York City and there promptly transferred to American Express Company, which company was a proper medium for the purpose and duly contracted with defendant to promptly transmit and deliver the money and message to the consul at Havana; that any failure or delay in delivery was by default of such company and not by reason of any fault or negligence of defendant.

1. The message in question was an unrepeated message to a foreign country, and the business of receiving, transmitting and delivering such message came within the federal act to regulate commerce, by act of congress, June 18, 1910, 36 St. 539-545. The tariffs, rules and limitations of liability of telegraph companies in such business thereby came within the jurisdiction and under control of the interstate commerce commission, at least as to the companies which filed their tariffs, rules and limitations with the commission. Postal Telegraph-Cable Co. v. Warren-Godwin Lbr. Co. 251 U. S. 27, 40 S. Ct. 69, 64 L. ed. 118; Western Union Tel. Co. v. Esteve Bros. & Co. 256 U. S. 566, 41 S. Ct. 584, 65 L. ed. 1094; Greer v. Western Union Tel. Co. 143 Md. 665, 123 A. 447.

2. If it be conceded that the defendant, by adopting and filing its tariff, including the limitations on liability, with the approval of the commission, or by making same part of its message contracts, could thereby limit its liability as here claimed, that would not seem to avail the defendant on the record here presented. Defendant's difficulty is not in the law, but with the facts. Under the rulings of the court, defendant was unable to prove that the limitations relied upon were a part of its tariff or rules, or contained on the message blanks used by it at the time, or that such limitations were contained in any tariff filed by it with the commission. It was unable to prove that it had no office at Havana authorized to pay out money on cable messages, or that it was necessary for it to forward the message over the lines of any other company. It offered no direct proof of the adoption of any such tariff or limitations.

The only assignment of error as to rulings on evidence is No. VIII, that the court erred in sustaining objection to the introduction of defendant's exhibit 2, that being a blank so-called "money transfer" and containing on the back thereof the printed limitation clause set out in defendant's answer. This was claimed to be and offered as a copy of the message blank signed by plaintiff's agent. The original was admitted to be in defendant's possession at its New York office, and no reason for its nonproduction was offered. A photostatic copy of the face of the original message was produced by defendant and received in evidence but contained no such limitation, and the failure to produce a photostatic copy of the back thereof was not explained or accounted for. Exhibit 2 contains printed words stricken out and typewritten additions, showing that it was not a printed copy of the original. Even with such amendments it does not, on its face, agree with the photostatic copy in evidence. No copy of the tariff regulations, as filed with the commission, was produced or offered, and no certificate produced from the office of the commission showing the filing of any tariff or regulations. The deposition of defendant's money transfer agent at New York, who handled the message there, was offered and his testimony admitted; and no reason was apparent why he could not have produced and attached to his deposition a copy of the message. There was not sufficient foundation laid for the reception in evidence of exhibit 2.

3. Assignment of error No. II is that the findings of fact are not justified by the evidence and that the court erred in denying a new trial on that ground. The assignment is too general to call in question any specific finding and, as the specific findings challenged are set out by other assignments, it need not be considered.

Assignments of error numbered I, IV, V, VI and VII challenge the findings as to the amount of damages. It is urged that the court erred in allowing recovery of the $15.25 paid by plaintiff for the sending of the message. The delay in delivery rendered the message valueless and a total loss. In such case the cost of the message may properly be allowed. Kolliner v. Western Union Tel. Co. 126 Minn. 122, 147 N. W. 961, 52 L.R.A. (N.S.) 1180. It is urged

that there is not sufficient evidence to sustain the finding of other loss and damage to the amount of $162. The record discloses evidence reasonably sustaining such finding. The court in its memorandum, made part of the findings, stated that "both parties introduced" the cablegram, plaintiff's exhibit A. The exhibit was introduced by plaintiff only but was received without objection. The error in the memorandum does not appear to be important. There is evidence outside of exhibit A sufficient to sustain the findings as to damages. The court in one of its findings stated: "That the defendant was grossly careless and negligent." The word "grossly" might well have been omitted, but so far as appears can have no prejudicial effect on the findings.

No reversible error appearing, the order is affirmed.