KNAPP BROTHERS MANUFACTURING CO. *v.* COOK.

No. 7772.   OCTOBER 16, 1930.

*C. H. Feagan* and *Augustine Sams,* for plaintiff in error.

*Henry A. Alexander,* contra.

HINES, J.   Miss M. Pearl Cook foreclosed, in the municipal court of Atlanta, her laborer's lien against the Builders Supply Company, for services rendered to that company as a stenographer and typist. Miss E. Billingsly was the president of that company. By this proceeding Miss Cook was able to collect only a part of the amount due her. Being informed that Converse-Myers Company was indebted to the Builders Supply Company for building material sold by the latter to the former company, Miss Cook filed in Fulton superior court her equitable petition against the two companies, in which she sought to impound the funds so due the Builders Supply Company, and to have them applied to her claim against that company. By an interlocutory order the amount admitted to be due by the Converse-Myers Company was paid into

the hands of the clerk of the court, and the Converse-Myers Company was stricken as a defendant. The Builders Supply Company filed no answer and made no defense, and was marked in default. Miss Billingsly, who had been made a party defendant, did not appear or make any defense. Knapp Brothers Manufacturing Company intervened, and set up that the amount alleged to be due by the Converse-Myers Company to the Builders Supply Company was due to it. Intervenor alleged that Miss Billingsly was its representative in selling the building material to the Converse-Myers Company, from the sale of which the funds impounded arose; and denied that the Builders Supply Company had any connection with or interest of any kind in the transaction. The case came on for trial upon the issue whether the indebtedness of the Converse-Myers Company was due to the Builders Supply Company, or to Knapp Brothers Manufacturing Company. The jury found that the fund belonged to Builders Supply Company, and thus found in favor of Miss Cook.

Intervenor moved for a new trial upon the general grounds, and by amendment added certain special grounds. The judge overruled the motion, and the intervenor excepted.

■ The court refused to approve the fourth ground of the motion for new trial, which complained that the court put the burden upon the intervenor. For this reason this ground will not be considered.

■ Movant complains that the trial judge nowhere in his charge to the jury instructed them upon whom the burden of proof rested. It has been frequently held by this court, and by the Court of Appeals, that, in the absence of a timely written request, mere failure to charge upon the burden of proof does not require the grant of a new trial. *Small* v. *Williams,* 87 *Ga.* 681 (6) (13 S. E. 589); *Western Union Tel. Co.* v. *Travis,* 144 *Ga.* 110 (4) (86 S. E. 221); *Hunter* v. *Mahaffey,* 144 *Ga.* 185 (2) (86 S. E. 538); *Askew* v. *Amos,* 147 *Ga.* 613 (5) (95 S. E. 5); *Felder* v. *Roberts,* 160 *Ga.* 799 (4) (129 S. E. 99); *Rudulph* v. *Brown,* 161 *Ga.* 319 (5) (130 S. E. 559); *So. Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (7) (64 S. E. 703); *Central of Ga. Ry. Co.* v. *Manchester Mfg. Co.,* 6 *Ga. App.* 254 (2) (64 S. E. 1128); *Hickman* v. *Bell,* 10 *Ga. App.* 319 (2) (73 S. E. 596); *Daniels* v. *Arlington Wholesale Co.,* 35 *Ga. App.* 174 (132 S. E. 239). This array of authorities, holding to

the contrary of the contention of counsel for the movant, renders further comment unnecessary.

■ In the sixth ground of its motion for new trial the movant contends that the court, after charging the jury that "The contention of Knapp Brothers Manufacturing Company is that Builders Supply Company did not sell the material referred to to Converse-Myers Company at all; that the sale was by Knapp Brothers Manufacturing Company directly to the Converse-Myers Company; that in the transaction Miss Billingsly acted as an agent and salesman for and on behalf of the Knapp Brothers Manufacturing Company," did not charge the substantive law upon the subject of principal and agent, to wit: "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf," and "Whatever one may do himself may be done by an agent." These provisions of law were not in issue in this case. The real issue was one of fact, that is, for which of two principals an agent was acting. The trial judge is not required to give in charge provisions of law about which there is no issue. *Friedman* v. *Goodman,* 124 *Ga.* 532 (2) (52 S. E. 892). Besides, the entire charge so fully and fairly presented the real issue in controversy as to leave no reasonable ground for apprehending that the jury did not understand the law of the case. *So. Ry. Co.* v. *Sommer,* 112 *Ga.* 512 (2) (37 S. E. 735). "What any juror of ordinary capacity would certainly know need not be delivered as a part of the charge of the court." *Smith* v. *State,* 63 *Ga.* 168, 170.

■ The court charged the jury as follows: "Before the plaintiff would be entitled to prevail in the case, you must believe that Builders Supply Company sold the material to Converse-Myers Company, and that Converse-Myers Company owed Builders Supply Company for this material. If you believe that is true, then it will be your duty to resolve this issue in favor of Miss Cook and find that the money be applied to her claim in so far as it is necessary to the settlement of her claim." Movant excepted to this charge, on the ground that it directed the jury that if they believed that Builders Supply Company sold the material to Converse-Myers Company, whether Builders Supply Company was agent or principal, they would be authorized to find in favor of the plaintiff; and on the further ground that said charge was calculated

to mislead the jury and prejudice their minds against movant, and constituted an expression of opinion. The exception is without merit. The jury were instructed that, before the plaintiff would be entitled to prevail, the jury must believe that Builders Supply Company sold the material to Converse-Myers Company, and that the latter company owed the former company for this material. The jury could not understand from this instruction that the plaintiff would be entitled to prevail if the Builders Supply Company was acting in the capacity of agent for the seller; for in that case the purchasing company would be liable for the purchase-money, not to the agent, but to the principal for whom the agent was acting.

■ The court charged the jury as follows: "If, on the other hand, gentlemen, you should believe that the goods purchased by Converse-Myers Company, involved in this case, were sold direct by Knapp Brothers Manufacturing Company to Converse-Myers Company under a transaction between them in which Knapp Brothers Manufacturing Company was the seller directly to the Converse-Myers Company, and Converse-Myers Company is the purchaser of those goods from Knapp Brothers Manufacturing Company, then and in that event, gentlemen, it will be your duty to resolve this issue in favor of Knapp Brothers Manufacturing Company." Movant excepts to this charge, on the grounds that (1) it eliminated from the jury their right to return a verdict in its favor in the event that the goods were sold directly by intervenor through Miss Billingsly or the Builders Supply Company as agent or broker for intervenors; (2) it was prejudicial in that it conveyed to the minds of the jury the impression that they must find in favor of plaintiff, if there was not a direct sale between intervenor and the Converse-Myers Company; and (3) it amounted to an expression of opinion by the court that intervenor was not entitled to recover, as it was admitted by intervenor that the goods were sold not directly to Converse-Myers Company, but to that company through the instrumentality of their broker or agent, Miss Billingsly or the Builders Supply Company. These grounds of exception are without merit. This instruction did not take from the jury the right to find in favor of intervenor in case they found that the Builders Supply Company was the agent of intervenor. It can not be held prejudicial to the intervenor in

that it conveyed to the minds of the jury the impression that they must ·find in favor of the plaintiff if there was not a direct sale between intervenor and the purchasing company. The jury, considering this instruction with the entire charge, must necessarily have understood that if the sale from the intervenor to the purchasing company was effected by an agent of the seller to the purchaser, the plaintiff would not be entitled to recover. This instruction does not contain any expression of opinion by the judge. For these reasons this charge of the court does not require the grant of a new trial.

■ Counsel for movant earnestly insist that a verdict in favor of their client is demanded by the evidence. We do not think it necessary to encumber the report with a recital of the evidence upon the issue involved in this case. There is .in the record evidence which authorized the jury to find in favor of the plaintiff. There is likewise evidence which would authorize the jury to find in favor of the intervenor. This was an issue of fact for solution by the jury, and their finding upon conflicting evidence will not be set aside by this court. *Judgment affirmed. All the Justices concur.*