39440.   RAY v. DIXON.

DECIDED SEPTEMBER 5, 1962.

**472**

*Bruce D. Dubberly, B. Daniel Dubberly, Jr.,* for plaintiff in error.

*J. T. Grice,* contra.

BELL, Judge. ■ Plaintiff contends that the evidence does not support the verdict. The evidence does show that the defendant's husband, who the jury could find was her authorized agent, entered into an agreement with W. A. Thompson, who was the owner of a 1/3 interest in the property subsequently acquired by the plaintiff from Thompson and his two co-owners. The agreement established the line which the defendant contended was the boundary between her property and that of the plaintiff. Thompson's testimony was that the line agreed upon cut off a "little piece of his land." There is no evidence in the record to show that this agreement establishing the new boundary line between the Thompson property and the defendant's property was authorized to be made by the other two Thompsons nor is there anything to show that they ratified or acquiesced in it. Furthermore, the plat which established this new line and apparently was recorded is captioned "Plat of land belonging to W. A. Thompson."

The defendant contends that the evidence that Thompson twice had the timber cut to the agreed line shows a ratification of the agreement and an acquiescence in the action of Mr. Thompson in establishing the boundary. We feel this is not sufficient evidence to show a ratification or acquiesence in the boundary line. If they had cut the timber within ten feet of the line, could this be evidence establishing a new boundary? Obviously, more than this would be required. Many reasons other than the presence of a boundary line might induce the cutting of timber to a particular point.

Since the evidence did not show a parol agreement between the adjoining landowners, the evidence did not support the verdict of the jury fixing the boundary line in accordance with the agreement. Cf. *Swinson v. Jones,* 66 Ga. App. 598 (18 SE2d 646) ; and *Osteen v. Wynn,* 131 Ga. 209 (62 SE 37).

The trial court erred in overruling the motion for new trial on the general grounds.

■ Special ground 3 of the amended motion for new trial contends that the court erred in charging the jury that the burden of proof rested upon the plaintiff to establish his contentions by a preponderance of the evidence without instructing the jury that the burden of proof was carried when the plaintiff introduced the processioning proceedings, and that when this was done the burden shifted to the defendant.

Since it is clear that the return of the processioners and the plat of the surveyor make out a prima facie case for the applicant in a processioning proceeding (*Castleberry v. Parrish,* 135 Ga. 527 (3a), 68 SE 817), it would certainly have been correct for the court to have charged the jury that when the applicant in a processioning action makes out a prima facie case, the burden of proof then shifts to the protestant to show by a preponderance of the evidence that the return of the processioners is incorrect. *Payne v. Green,* 84 Ga. App. 689 (1) (67 SE2d 195). This raises the question as to whether there is any duty upon the trial judge to charge as to the shifting of the burden of the proof in the absence of a request. We do not think so. It is not error to fail to charge on the burden of proof or the shifting of the burden or the making of a prima facie case on a certain feature of the case unless there is a timely appropriate request for such charge to be made. *Knapp Bros. Mfg. Co. v. Cook,* 171 Ga. 330 (2) (155 SE 321). See also *Davis v. Peek,* 43 Ga. App. 199 (3) (158 SE 348) ; and *Savannah Motor Car Co. v. Butler,* 37 Ga. App. 321 (3) (140 SE 383). If a party desires an instruction on the shifting of the burden of proof, he should make a written request therefor. *American Associated Companies v. Vaughan,* 213 Ga. 119, 123 (4) (97 SE2d 144).

Special grounds 4 and 5 similarly contend that the charge of the court placed the burden of proof upon the plaintiff to prove

the correctness of his contentions, and this placed the entire burden throughout the trial upon the plaintiff and did not point to the burden resting upon the defendant to prove the correctness of her contentions.

Special ground 6 urged that it was error for the court to fail to charge the jury that when the plaintiff introduces into evidence the return of the processioners that the return is deemed prima facie correct. While this would have been appropriate under *Castleberry,* supra, we think that this also relates to the burden of proof, and in the absence of a request, under the authorities cited, there was no duty upon the court so to charge.

The trial court properly overruled special grounds 3, 4, 5, and 6 of the amended motion for new trial.

■ Special ground 7 assigns error in the court giving the following charge to the jury: " . . . I charge you in this case that this is a de novo or a new investigation and you should determine the true and correct location of the disputed or indefinite or unascertained land line between these parties solely and only from the evidence introduced and admitted in this trial." Plaintiff contends that the court erred in referring to the land line as indefinite or unascertained since whether it was in fact unascertained or indefinite was a question for the jury and one of the issues in the case and that by the court referring to it as being indefinite, this amounted to an expression of opinion by the court that it was so.

By statute it is reversible error for the court to express to the jury an opinion as to what has or has not been proved in the trial of the case. *Code* § 81-1104. Had the court in the charge referred to the line as unascertained, this would have been an expression of opinion and reversible error. However, the court referred to the land line as "disputed or indefinite or unascertained." It is clear from the evidence that the land line was disputed. The use of the conjunction, "or", between "disputed", "indefinite" and "unascertained" prevents this phrase from being an expression of opinion. All the court was saying was that the line was disputed *or* indefinite *or* unascertained. Thus he referred to the line as being in one of three categories but did not show any opinion as to which of the three categories applied.

The trial court properly overruled special ground 7 of the amended motion for a new trial.

*Judgment affirmed in part; reversed in part. Hall, J., concurs. Felton, C. J., concurs in the judgment.*