WESTERN UNION TELEGRAPH CO. *v.* KOONCE.

[72 South. 893.]

1. TELEGRAPH AND TELEPHONE. *Negligence. Sufficiency of evidence. Punitive damages. Willful negligence.*

Under the facts set out in its opinion the court held that the acts complained of constituted mere negligence on the part of the defendant, not characterized by wantonness or willful wrong.

2. SAME.

In such case no punitive damages could be recovered, mere brusqueness of an agent not amounting to insult and being no grounds in law for the infliction of punitive damages against his principal.

3. TELEGRAPHS AND TELEPHONES. *Mental suffering. Willful wrong.*

No action lies for the recovery of damages for mere mental suffering, disconnected from physical injury and not the result of willful wrong.

APPEAL from the circuit court of Forest county.
HON. PAUL B. JOHNSON, Judge.

Suit by G. B. Koonce, Sr., against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Sullivan, Conner & Sullivan* and *J. B. Harris,* for appellant.

*R. S. Hall* and *Watkins & Watkins,* for appellee.

HOLDEN, J., delivered the opinion of the court.

The appellee, G. B. Koonce, Sr., recovered a judgment in the circuit court of Forest county for one thousand and five hundred dollars against the appellant Western Union Telegraph Company, as punitive damages for the alleged willful negligence and insulting conduct of the appellant's agents in handling a money order telegram from Hattiesburg, Miss., to Caldwell,

Tex.; and from this judgment the telegraph company appeals here.

The facts in this case, as disclosed by the record, briefly stated, are: That the appellee, Koonce, on June 27, 1914, called at the Hattiesburg office of the appellant telegraph company, which office was in charge of George Wolfe, manager and delivered twenty-seven dollars to Wolfe to be transferred and delivered by telegraph to appellee's son, G. B. Koonce, Jr., at Caldwell, Tex., and paid a charge of one dollar for the service. G. B. Koonce, Jr., appellee's son, was in jail at Caldwell on a misdemeanor charge, and it was explained to Manager Wolfe, of the telegraph company at Hattiesburg, that the money was being sent for the purpose of releasing young Koonce from jail at Caldwell. The message was delivered to the telegraph office at twelve-thirty p. m., Saturday, June 27, 1914. It was discovered afterwards, by wire communication, that Caldwell, Tex., was not a money order transfer office or pay station. The message was then sent to Dallas, Tex., at two p. m. the same day, and the telegraph office at Dallas had the Dallas Bank wire its correspondent bank at Caldwell to pay the money to young Koonce at Caldwell. This method of having the money paid at Caldwell was adopted by the appellant, but it seems that young Koonce had paid his fine by some other arrangement, and was released from jail about noon of the same day the message was filed at Hattiesburg. The bank of Dallas closed on Saturday the 27th of June at one o'clock, and did not receive the telegram in time to attend to the matter until Monday, June 29th, when it promptly wired its correspondent bank at Caldwell to pay the money to young Koonce, in care of Sheriff Hensley. The Caldwell Bank immediately notified Sheriff Hensley; but the money could not be delivered to young Koonce because he had left Caldwell and could not be located by the sheriff. The Caldwell Bank held the money for three days, accord-

ing to custom, and to see whether or not young Koonce would call for it, and then returned it to the Hattiesburg office through the same channels by which it had received it. The notice to refund the money finally reached the Hattiesburg office after some delay, and it was paid over to the attorney of the appellee. In the meantime, Mr. Koonce had called several times at the Hattiesburg office, and inquired whether or not the money had been delivered to his son, and was assured by Mr. Wolfe, the manager, that it had been delivered. Subsequently appellee Koonce was advised by mail that the money had not been delivered to his son at Caldwell, and he requested of Manager Wolfe a return to him of the twenty-seven dollars. Manager Wolfe did not return the twenty-seven dollars to the appellee at that time, because he had not been advised so to do by the Dallas office; but he again wired the Dallas office for information and authority to refund the money to Mr. Koonce, and finally received a reply at seven-thirty p. m. on the 6th of July, authorizing him to refund the twenty-seven dollars to Mr. Koonce, which he could not then do because Mr. Koonce had left the telegraph office and did not return. Afterwards the manager paid the money to the appellee's attorney, who called for it.

It appears that the telegraph office at Hattiesburg made a mistake in wiring the money direct to Caldwell, as there was no telegraph pay station there, but it also appears improbable that the twenty-seven dollars could have been delivered to young Koonce before he was released from jail, even if Caldwell had been a pay station. The proof in this record shows that some of the delay in handling and returning this money order message was due to legal holidays and Sunday at Dallas.

The appellant also claimed that Manager Wolfe mistreated him when he called at the office to inquire about whether or not the money had been delivered to his son, in that the manager's conduct toward appellee was characterized by insult, abuse, and oppression, which

consisted in the manager's refusing to courteously reply to all of the inquiries of appellee, and that Wolfe told him "that there is no use in your worrying about it," and would not further talk to appellee about the telegram; that this behavior of the manager was insulting to him; that he thought Mr. Wolfe "was liable to jump on him;" and that "he looked like he had been cutting up meat when I asked him anything."

With this state of facts before the lower court, instructions were given to the jury that it might find punitive damages for the plaintiff, and the jury responded with a verdict of one thousand and five hundred dollars in punitive damages. No actual damage, outside of the one dollar paid for toll, was claimed or proved by the appellee.

After a most careful examination of the facts and circumstances in this case, it is clear to us that the mistake made by the appellant telegraph company in accepting the message to be wired to its Caldwell office when in fact it had no pay station there, and the agent stating that the money had been delivered, and the subsequent delay in refunding the twenty-seven dollars to appellee, constituted mere negligence on the part of the agents of appellant. In no view can it be said that the negligence was characterized by wantonness or willfulness, and consequently no punitive damages can be recovered. The claim of appellee that the conduct of Manager Wolfe at Hattiesburg toward him was insulting, abusive, or oppressive is not sustained by the proof in this record. It appears that the elder Koonce was naturally very much worried about the welfare of his son, who was in jail at Caldwell, Tex., and he was attempting to assist and relieve him in the quickest way possible by sending him money by wire with which to pay his fine, and, being very anxious about whether his son had received the money, he called frequently upon Manager Wolfe at Hattiesburg and made inquiry, about the matter. It must be admitted that even an agent of

a telegraph company may sometimes be worried and provoked by frequent questions from patrons, yet it seems from the testimony here that Mr. Wolfe, the manager, was reasonably courteous and responsive to Mr. Koonce, and that he did not at any time abuse, insult, or oppress him. The appellee seems to have been more disturbed by the looks of Mr. Wolfe than by his words or actions. The appellee testified, as to Mr. Wolfe, that "he looked like he had been cutting up meat when I asked him anything." We cannot safely impute insult and oppression from the looks of a person. If this were held to be the rule, the right to recover punitive damages would be so enlarged as to permit enormous verdicts, resulting in grave injustice to many, merely on account of appearances. The agent here may have been brusque and brief, but "mere brusqueness of the agent, not amounting to insult, is not ground, in law, for the infliction of punitive damages against his principal." *Railroad Co.* v. *Machine Co.,* 71 Miss. 663, 16 So. 252; *Railroad Co.* v. *Gill,* 66 Miss. 39, 5 So. 393.

The appellee claims damages here for mental worry. At the time appellee was worrying about his son being in jail, the boy had been released and had left that community. It is well-settled law in this state that no action lies for the recovery of damages for mere mental suffering, disconnected from physical injury, and not the result of willful wrong. *Telegraph Co.* v. *Rogers,* 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; *Duncan* v. *Telegraph Co.,* 93 Miss. 500, 47 So. 552; *Telegraph Co.* v. *Ragsdale,* 71 So. 818.

Taking the testimony in this case as a whole, we think the proof is not sufficient to warrant the infliction of punitive damages, and that the lower court erred in permitting the jury to assess exemplary damages. The judgment of the lower court is reversed, and the case remanded. ·

*Reversed and remanded.*