## GRENADA BANK *v.* LESTER.

[89 South. 2, No. 21923.]

1. BANKS AND BANKING. *Bank wrongfully failing to honor check liable for substantial damages.*

   Where a bank fails to honor a check drawn upon it by a depositor, who has sufficient funds therein to cover the check, it is liable for substantial damages to the injured depositor as reasonable compensation for the wrong inflicted.

2. BANKS AND BANKING. *Wrongful dishonor of check will not justify damages for embarassment and humiliation, unless characterized by malice or opression.*

   A wrongful dishonor of a check by a bank will not justify damages for "embarrassment and humiliation" of injured depositor, unless characterized by malice or opression, warranting punitive damages.

APPEAL from circuit court of Yalobusha county.
HON. E. D. DINKINS, Judge.

Action by William Lester against the Grenada Bank. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Stone & Stone,* for appellant.

Of course, it is a well-established rule of law that the failure to pay money when same is due and payable that the injured party may recover principal and lawful interest thereon. But the courts seem to hold that in an action against a bank for the wrongful refusal to honor a check of a depositor, there being sufficient funds, etc., that the rule of damages is an exception to the general rule, in that the injured party is entitled to something more than nominal damages, that is, temperate damages. This without any allegation of special damages. This we admit is recognized as the law. In cases wherein the depositor is a trad-

er or merchant.  We also submit that it is a well-recognized rule of law that if the depositor be not a trader, then, in order for him to recover more than nominal damages, he must first allege and prove special damages.  We submit that in the case at bar the appellee, William Lester, is not a trader or merchant, he being a young man of tender years, a minor whose check or receipt or contract would not be recognized in a court of law.  Also in his complaint there is no allegation of special damages nor proof of any.  Therefore, we submit that the appellee is entitled to recover only nominal damages.

In an action against a bank for damages for illegally refusing to pay a check, when there was money sufficient on deposit to meet it, the depositor being a non-trader, in order to recover anything more than nominal damages, he must allege and prove special damages.  In *Schaffner* v. *Ehrman*, 139 Ill. 109, 15 L. R. A. 134, 28 N. E. 917, which is an action against a bank for refusing to pay a check, etc., wherein the depositor was a trader, Judge CRAIG in the dissenting opinion said that the action, although in form one in tort, was really founded upon contract and that no actual damage was proved, and there was no evidence tending to prove malice, fraud or oppression and there should be no recovery for more than nominal damages. Also *Burroughs* v. *Tradesmen's National Bank, supra,* in which it was held that when the action was brought as for a breach of contract and the failure of the bank to pay the check, was not charged as wilful or intentional, and there was no proof of special damages, the plaintiff was entitled to recover only nominal damages.  Again, in *T. B. Clark & Co.* v. *Mt. Morris Bank, supra* affirmed in 181 N. Y. 533, 73 N. E. 1133, it was held that a depositor may sue either *in tort* or on the contract; but if *in tort* only nominal damages may be recovered where no special damage was alleged or proven, and there is entire absence of legal malice on the part of the bank. Also quoting from the note to the case of *Commercial National Bank* v. *Lathan,* 29 Okla. 88, 116 Pac. 197, Anno. Cases 1913A: "Though it is ad-

mitted by the authorities that the right to recover substantial damages does not depend on the depositor's occupation, there is a distinction between an ordinary depositor and a depositor who is a merchant or a trader. If the depositor is a merchant or trader it will be presumed without further proof that substantial damages have been sustained; but if the depositor is not a merchant or trader, there is no such presumption of substantial injury, and a recovery should be a nominal one unless he alleges and proves some special damages. *St. Louis Third National Bank* v. *Ober,* 178 Fed. 679, 102 C. C. A. 178; *Spearing* v. *Whitney's Central National Bank.* 129 La. 607, 56 So. 548; *Western National Bank* v. *White* (Tex.), 131 S. W. 828; *First National Bank* v. *Stewart,* 85 So. 530; *S. M. Jones & Co.* v. *Bank,* 80 A. S. R. 857.

We think that in the case at bar the judgment of the lower court should be reversed, because the trial judge was in error when he refused to grant appellant an instruction that the jury should find for nominal damages only. In 5 R. C. L. 549: "There is authority to the fact, however, that the depositor whose check has been wrongfully dishonored unless he alleges and proves special damages is limited in his recovery to nominal damages. And to the same effect, note 7, Anno. Cases, 820, and other cases cited, *supra.*

Second, the verdict for five hundred dollars is erroneous because it is for more than nominal damages. In order to recover anything more than nominal damages, the plaintiff if he be not a trader or merchant, must allege and prove special damages. In *Rolin* v. *Stewart,* 14, C. B. 595, 78 E. C. L. 595, a leading case on this subject, sets forth the rule as follows: "It cannot be denied that if one who is not a trader were to bring an action against a bank for dishonoring a check at a time when it had funds of customers in his bank sufficient to meet it, and special damages were alleged and proved, the plaintiff would be entitled to recover substantial damages," cited in *First National Bank* v. *Stewart,* 85 So. 530. In the case at bar the plain-

tiff was not a trader and there is no allegation of special damages nor was there any proven.

Third, the trial judge erred in granting for the plaintiff the instruction in which the jury was instructed to consider "embarrassment and humiliation, if any, suffered by reason of the dishonor of his check." This point is well covered in the brief by Messrs. Caldwell & Caldwell, and we do not care to submit further argument on this point.

We submit that the weight of authority is with us on the proposition, if the depositor or injured party is not a trader, that he must first allege and prove special damages, and unless he does this, he is limited in his recovery to nominal damages. See *First Nat'l. Bank* v. *Stewart, supra.*

*Caldwell & Caldwell,* for appellants.

There is no doubt that the law is settled that when a bank has money to the credit of a depositor and fails to pay a check drawn on the deposit, that the bank is liable for such damages as will compensate the party fully for the damage sustained, by reason of the dishonor of the check. The contention of the appellant in this case is that in the case of a nontrader that he is required to prove actual damages before any can be assessed against the bank for failure to pay. In the case of a trader, the authorities generally hold that damages will be presumed without further proof and substantial damages will be awarded by mere proof of a failure to pay a check. Where the party, as in this case, is not a trader, there is no presumption of substantial injury and his recovery should have been a nominal one, unless he proves some special damage. 5 R. C. L. 549-50.

Where a bank refuses to pay a depositor's check who has funds in the bank and the depositor was not a merchant or trader, special damages will not be presumed, but must be proved as no loss of credit or other special damages would ordinarily follow the dishonor of the check of a

person not engaged in business, and nominal damages and protest fees should only be allowed. *Third National Bank* v. *Ober,* 102, C. C. A. 178, Fed. 678.

The last named case is in the note in Ann. Cas. 1913, and we think that this states the law fairly and the opinion shows that it was well considered.

In the case at bar no special damages were proved and the appellee is a young man who had not had a bank account before this time and no witness testified that his credit had been impaired. The check was given to his father and his credit was not impaired by its return to him. The cashiers of the two banks through which it passed, that of Charleston and of Oakland, both testified that his credit was not impaired with either bank and the occasion of the dishonor was fully explained to the appellee and according to the witness, Mr. Horton, he was fully satisfied with the explanation. As soon as the error was discovered, everything was done that could be done to right the wrong that had been done and we submit that only nominal damages should have been awarded.

No malice was shown to have existed except in the father of the appellant who seems to have been very much incensed and angry because of the mistake made by the cashier of the Bank of Oakland. Where there is no evidence of malice, the only damages to be recovered are those that will compensate for the injury done.

We respectfully submit that in view of all the evidence that the giving by the court of the instruction asked for by the plaintiff was error in which the jury was directed to consider "embarrassment and humiliation, if any, suffered by the plaintiff by reason of the dishonor of his check." In the case of *American National Bank* v. *Morey,* 113 Ky, 857, 69 S. W. 759, 101, A. S. R. 379, the court instructed the jury, "that if at the time the check was presented to the defendant the plaintiff had money in the bank deposited to her credit sufficient to pay the check, and the defendant refused to honor it, then they should find for her such a sum in damages as would fairly conpensate her for

any loss or impairment of credit she sustained, and for any humiliation or mortification of her feelings she had been subjected to, by reason of the refusal to honor her check." The case on appeal after a full discussion of the principles underlying or forming the basis of recovery in such cases said that, "There was some evidence as to loss of credit, and aside from' this, the instruction so far as it submitted this as an element of damage was correct.  But, there was nothing in the case to indicate actual malice, oppression or bad motive on the part of the bank and no instruction should have been given as to punitive damages.  None of the cases allow a recovery for humiliation or mortification of feelings where compensatory damages only are allowed, and the instruction of the court, in so far as it allowed a recovery for this, was improper.  The fact that the plaintiff had a nervous chill when the check was protested and returned to her and had to be taken to her mother-in-law's, was immaterial, as the nervous chill was not the natural result of the protest of the check, or such a thing as should reasonably have been anticipated from persons of ordinary health and strength; on the contrary, the plaintiff may recover for any time she lost or any expense incurred, or for any loss of business or injury that she sustained, by reason of the dishonor of the check."

This case was reversed by the supreme court on account of the instruction to the jury.  The syllabus of the case states in the absence of malice, oppression or bad motive, the wrongful refusal of a bank to honor its depositor's check makes it liable only for compensatory damages and not for punitive damages, or damages for humiliation or mortification of depositor's feeling.

In the note to the case of *J. M. James Co.* v. *Bank,* 80 A. S. R. on page 868, it is stated that if the action is on contract he cannot recover for injury to the feelings. Depositors can only recover for the damages which may be reasonably expected to arise from the breach of the contract to honor his checks.  Hence, after the dishonor of plaintiff's check, a judgment was immediately entered

against him and his entire business was seized by the sheriff, this could not be deemed such injury as would naturally arise from the refusal of the bank to pay his check comparatively small amount and he cannot recover such damages. Citing *Brooke* v. *Trading National Bank*. 239 Sup. 802.

A similar rule was announced in *Bank of Commerce* v. *Goos,* 23 Neb. 437, 58 N. W. 34, where the depositor's check to one Rush was dishonored, whereupon Rush caused the depositor to be arrested and by reason of the wide publicity of the arrest, his business was very greatly damaged. The court held that these were not the natural result of the refusal to honor his check and damages cannot be recovered.

In the case of *Spearing* v. *Whitney Central Bank,* 56 So. 550, it is stated that the rule where the check of a merchant or trader has been protested for want of funds, although occasioned by a mere mistake in bookkeeping, more than nominal damages may be given without proof of actual loss or damages, but where the depositor is not a merchant or trader there is no such presumption.

We submit that some of the cases conflict with the principles contended for by us, but the great weight of authority is that where a nontrader's check is not paid by a bank in which he has funds deposited, that he must allege and prove special damages before he can recover anything more than nominal damages. The rule is different with reference to a trader where the presumption is that his business is injured by a failure of a bank to pay his check without any proof of special damages. We can all see the reason for this rule. And now because an employee of the appellant has made a mistake which he corrects just as soon as it is brought to his knowledge, and according to the testimony, satisfied the appellee who seems to be controlled entirely by his father who is known to have had some feeling against appellant's employees at Oakland, shall the appellant be mulct in the sum of five hundred dollars on the account of embarrassment and humiliation" which we

have shown are not elements of damage in such a case as this?

Under the facts of this case, the appellee should recover only nominal damages as no special damages were alleged or proved. The instruction given for appellee authorized the jury to consider the wrong elements as damages. This court will not sanction this species of judicial confiscation. Nominal damages will compensate for the injury under the testimony in this case; all other damages are forbidden.

*H. H. Creekmore,* for appellee.

Keeping in view the fact that under our statutes the giving of a check on a bank where there are not sufficient funds to meet it is a crime, the jury was fully justified in finding from the circumstances in evidence that the business reputation of the appellee had been injured for injury to reputation can usually be proven only by circumstances and certainly nothing could be more damaging to anyone's reputation than for him to give a check when he had no money in the bank and at the same time committing a crime. The proof showed that the Grenada Bank operated a chain of banks all over North Mississippi and that the Bank of Commerce & Trust Company was the largest Bank in Memphis and that the record of all these institutions showed the dishonor of this check.

The gross negligence and wilful disregard of the right of the appellee by the appellant after the discovery of the mistake, December 23d, in failing to notify the other banks of the error and in failing to have the check returned for payment justified the infliction of punitive damages. In fact the proof shows that the check was never paid.

Counsel for appellant have cited many cases to the effect that in the absence of proof of special damage nothing more than nominal damages may be recovered for the dishonor of a check by anyone other than a trader. This is a general rule stated by the old cases but the modern cases are departing from this rule and hold that a nontrader may

recover substantial damages or as stated in some cases temperate damages without proof of pecuniary loss.

Some of these cases state that this rule is based on public policy, for the reason that the dishonor of a check is a species of slander and still others on the ground that the mere dishonor of the check itself shows damages general in their nature which will not permit of pecuniary measurement and that the jury must fix the amount of the damage in their judgment.

The supreme court of Pennsylvania has held that re-refusal of a bank to honor a depositors check without legal excuse entitles him to recover substantial damages without proof of pecuniary loss. In the opinion it is said that it is something more than a breach of contract in such case, that there is a question of public policy involved. *Patterson* v. *Marine National Bank,* 17 A. S. R. 780.

The supreme court of Georgia has held that it can hardly be possible that a customer's check can be wrongfully refused payment without some impeachment of his credit which must in fact be an actual injury thereof if he cannot furnish independent and distinct proof thereof and that plaintiff's recovery is not to be limited to nominal damages. *Atlanta National Bank* v. *Davis,* 51 A. S. R. 139.

In a more recent case the same court holds that a bank is liable in temperate damages to a customer for the wrongful dishonor of his check without proof of special damages and that this is an exception to the general rule. *Hill* v. *Jessup Banking Company,* 11 L. R. A. 224.

In a case cited by the counsel for appellant the supreme court of Louisiana holds that an action for damages for the dishonor of commercial paper is in the nature of an action for damages for slander. This case is very much like the case at bar, except that in the Louisiana case the bank made effort to repair the wrong done while none was made in the case at bar. We quote from the language of the opinion:

"The natural effect of the dishonor of a check is to damage the credit and reputation of the drawer in busi-

ness circles.  That the plaintiff was injured by the dis-
honor of his four checks is a logical inference from the
evidence before us.  The fact of dishonor was made known
to bankers and business men in several cities, and in the
small town of Sewanee where the drawer resides, and
must have occasioned very unfavorable comments on his
reputation as a business man."     *Spearing* v. *Whitney
Central National Bank,* 56 So. 548.

The supreme court of Oklahoma in 1911 held that a
bank which wilfully refused to pay the draft of a de-
positor is liable in substantial damage without proof of
any special injury resulting from such wrongful act.
*Commercial National Bank* v. *Latham,* Ann. Cases, 1913,
"A," p. 999.

The case at bar was tried in the court below on the
theory that the measure of damage was correctly stated
in the case last cited and the instruction in the case at
bar complained of is identical in legal principles with
the instruction approved in the Oklahoma case.  The facts
in the case at bar were such as to justify the jury in find-
ing an injury to the credit and standing of William Les-
ter; and the gross negligence of the appellant in failing
to have the wrong righted or notifying those who had
handled the dishonored check that the check was good,
justified the court in submitting to the jury the question
of humiliation suffered by the appellee.  The undisputed
facts authorized a recovery by the appellee for injury to
his financial standing and for humiliation, leaving out of
view altogether the wiggling and wabbling of the em-
ployees of the appellant who had handled the transaction
as disclosed by their testimony and manner on the wit-
ness stand.  Some of this is apparent even in the typewrit-
ten record and from it can be seen that no injury has been
done the appellant by the verdict and there has been no
judicial confiscation, but only a slight reparation had for
a grievous wrong.

HOLDEN, J., delivered the opinion of the court.

This is a suit for damages by appellee, William Lester, against the appellant, Bank of Grenada, for failure of the bank to honor his check when he had sufficient funds on deposit.    From a judgment for five hundred dollars the bank appeals.

The Grenada Bank has two branches, one at Oakland and one at Charleston. B. S. Lester, father of appellee, deposited forty-three dollars and ten cents in the bank at Oakland for the credit of his son, William Lester. At the time of this deposit the bank had on its books the deposit accounts of one "Will V. Lester" and one "Will Lester." In posting the said deposit of appellee, William Lester, the bookkeeper made the mistake of crediting the forty-three dollars and ten cents deposit to "Will V. Lester," instead of to appellee, William Lester. About two months thereafter appellee, William Lester, also deposited in the Bank of Oakland one hundred and four dollars to his credit. Following this, appellee drew several small checks against his deposit, which reduced his credit on the books to eighty-five dollars and ten cents. About one month later the appellee drew a check in favor of his father for one hundred dollars, which was deposited for collection in the said bank at Charleston, and forwarded in the regular course of business for collection through the Bank of Commerce & Trust Company of Memphis, Tenn. When the check reached the Oakland bank the account of appellee, William Lester, did not show a sufficient balance to cover the check; consequently the one hundred dollar check was returned through the same channels to the Bank of Charleston, indorsed "Insufficient funds." A few days after this, complaint being made about the check having been dishonored, an investigation by the bookkeeper at the Bank of Oakland disclosed the mistake that had been made by him in crediting the forty-three dollars and ten cents to one "Will V. Lester," instead of to the appellee, William Lester. The matter was discussed be-

tween the parties, and the Bank of Oakland promised to have the one hundred dollar check returned to it through the Memphis channel for payment; but for some unknown reason the dishonored check was not returned, but was finally disposed of at the Charleston bank, and the funds due the appellee were paid over and accepted by him. This suit was then filed for damages for the failure of the bank to honor the check.

The appellant bank presents two points for reversal, viz.: First, that no recovery can be had by the appellee, except for nominal damages; and, second, that the court erred in granting the following instruction to the plaintiff:

"The court instructs the jury to find for the plaintiff, and assess his damages at such sums, not in excess of the amount sued for, two thousand dollars, as they believe from the evidence that he is entitled to recover; and in fixing the amount of damages the jury should consider the damage to his financial or business reputation or standing, if any, and the embarrassment and humiliation, if any, suffered by the plaintiff by reason of the dishonor of his check."

The main objection to the instruction is that it allows the jury to assess damages for "embarrassment and humiliation;" it being urged by the appellant that no damages for embarrassment and humiliation can be allowed, because the facts in the case do not warrant the recovery of punitive damages, which would be necessary before damages for embarrassment and humiliation could be awarded.

The questions presented are of first impression in this court, and we must look for guidance to authority established in other jurisdictions. The law is, and so conceded by all, that where a bank fails to honor a check drawn upon it by a depositor, who has sufficient funds therein to cover the check, it is liable for damages to the depositor. Whether such damages are nominal, substantial, or

punitive is, we think, to be determined by the facts and circumstances of the particular case.

There seems to be some conflict in the authorities, but the modern and better rule appears to be that, where the bank wrongfully dishonors the check it is liable for substantial damages to the injured depositor as compensation; and this is true, regardless of whether the depositor is a trader, business man, private citizen, or professional man. When wrongful dishonor is shown, substantial damages may be inferred, because of the peculiar nature of the wrong; and it is for a jury to assess reasonable compensation to the injured party, if he is substantially injured, and nominal damages, if not substantially injured. Some authorities say that the damages in all of such cases are substantial, but should be "temperate." The assessment must be reasonable, according to the facts and circumstances of the particular case, with reference to the extent of the injury suffered by the depositor in his credit standing and reputation. We think this is the correct view, and we adopt it. *Patterson* v. *Marine Bank,* 130 Pa., 419, 18 Atl., 632, 17 Am. St. Rep. 780; *Atlanta Bank* v. *Davis,* 96 Ga., 334, 23 S. E., 190, 51 Am. St. Rep., 139; *Hilton* v. *Jesup Co.,* 128 Ga. 30, 57 S. E., 78, 11 L. R. A. (N. S.), 224, 10 Ann. Cas., 987; *Spearing* v. *Whitney Bank,* 129 La., 607, 56 So., 548; 5 R. C. L., 550; 7 C. J., section 425, p. 696. The question of alleging and proving special damages in addition to general compensatory damages does not arise here, and therefore is not passed upon.

Coming to the second point presented by the appellant, with regard to the correctness of the instruction given appellee on damages for "embarrassment and humiliation:" We do not think the evidence in this case is sufficient to warrant the recovery of punitive damages; therefore the instruction is erroneous, because no damages can be allowed for "embarrassment and humiliation," unless the facts of the case show willfulness or malice which would warrant punitive damages. This court has decided repeatedly that damages for mental pain and suffering,

such as humiliation and embarrassment, disconnected from physical injury, cannot be recovered, unless allowed as a part of punitive damages. *W. U. Tel. Co.* v. *Rogers,* 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; *American National Bank* v. *Morey,* 113 Ky. 857, 69 S. W. 759, 58 L. R. A. 956, 101 Am. St. Rep., 379; *W. U. Tel. Co.* v. *Ragsdale,* 111 Miss. 550, 71 So. 818; *W. U. Tel. Co.* v. *Koonce,* 112 Miss., 173, 72 So. 893.

The testimony in this case, viewed in its strongest aspect for the appellee, shows a mere mistake of the bookkeeper in crediting the deposit to a depositor with a similar name to that of appellee. The conduct of the bank and its officers, in their efforts to straighten out the matter after the mistake was discovered, cannot, in our opinion, be characterized as willful or malicious; therefore only substantial compensatory damages could be allowed appellee by the lower court.

For the error in granting the instruction complained of, the judgment of the lower court must be reversed; and as the question of liability is settled against the appellant bank, the case will be remanded for a trial as to the amount of damages only.

*Reversed and remanded.*