YAZOO & M. V. R. Co. *v.* MULLEN.

(Division A. Nov. 24, 1930.)

[131 So. 101. No. 28743.]

May, Sanders, McLaurin & Byrd, of Jackson, and **Chas. N. Burch**, of Memphis, Tenn., for appellant.

Wells, Jones, Wells & Lipscomb, of Jackson, and **S. P. Jones**, of Marshall, Tex., for appellee.

Argued orally by **A. J. McLaurin**, for appellant, and by **S. P. Jones**, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, M. L. Mullen, Jr., by his father and next friend, instituted this suit against the Yazoo & Mississippi Valley Railroad Company, seeking to recover damages alleged to have been sustained by him by reason of being ejected from a passenger train of the appellant company, and, from a verdict and judgment for three thousand dollars, this appeal was prosecuted.

The declaration alleged, in substance, that on or about the 14th day of July, 1927, the appellee purchased a ticket entitling him to through passage over the railroad lines of the appellant from Shreveport, Louisiana, to Greenwood, Mississippi; that he boarded the appellant's passenger train at Shreveport, and shortly thereafter the

conductor on said train took appellee's ticket and failed to return to him any portion thereof, giving him only a hat check to show his right to passage; that, just before the train reached Vicksburg, Mississippi, the said conductor again came through the train and took from him the said hat check which had been given to him near Shreveport, that he then asked the conductor what he would have to show at Jackson, Mississippi, where it was necessary for him to change trains; that the conductor rudely stated to him that he had returned the ticket to him if he had one, that he did not know but what the appellee was trying to beat his way past Vicksburg, that every day he had people trying to beat their way by claiming that they had lost their tickets; that the appellee was a minor about fifteen years of age; and that he was greatly humiliated, frightened, and embarrassed by the words and acts of the conductor, which were in the hearing of fellow passengers on the train.

The declaration further averred: "That at Vicksburg, Mississippi, the agent of the defendant who had taken the ticket and hat check of the said plaintiff, M. L. Mullen, Jr., left the train and another agent, servant, or employee of the defendant took his place and began to discharge his duties; that said new conductor or agent approached the said plaintiff, M. L. Mullen, Jr., and requested from him a ticket and upon being informed that the other conductor had taken the said plaintiff's ticket and never returned it to him and had likewise retained said minor's hat check, the new conductor roughly advised the said plaintiff, M. L. Mullen, Jr., that he would have to buy another ticket or leave the train; that the other conductor or agent of the defendant had told said new conductor or agent about the plaintiff and that there wasn't a thing for him to do but to get off of the train. That the said M. L. Mullen, Jr., plaintiff, remonstrated with the said agent, stating that he did not have enough money to buy another ticket to Greenwood, Mississippi,

but that nevertheless the said plaintiff, M. L. Mullen, Jr., was wrongfully ejected from said train at Edwards, Mississippi, and forced to discontinue his journey on said train."

As to the occurrences and controversy between the appellee and conductor, the averments of the declaration were sustained by the evidence. As to whether or not the ticket was in fact returned to the appellee by the conductor, the testimony of the appellee and the conductor was in sharp conflict. The proof shows that a new conductor assumed charge of the train at Vicksburg, Mississippi, and that shortly thereafter this conductor requested of appellee a ticket, and, upon being informed that the preceding conductor had taken the appellee's ticket and had not returned it, the conductor requested him to make a search for it; that he again searched his clothing for the ticket, as he had done when the controversy arose with the conductor before reaching Vicksburg, and that, failing to find the ticket, he was required to leave the train at Edwards, Mississippi. The testimony further shows that the appellee had only one dollar and a half in money, which was not sufficient to pay his railroad fare from Edwards to Greenwood, Mississippi; that he consulted the appellant's station agent at Edwards about communicating with his uncle at Greenwood, whom he was going to visit, and that he was advised to use the telephone for that purpose; that he called his uncle and was told by him to purchase a ticket and go to Jackson on the next train, where he (his uncle) would meet him with his automobile; that he followed his uncle's advice and arrived at Jackson about six o'clock p. m., having only five cents left after paying the telephone charges and railroad fare from Edwards to Jackson, Mississippi; that, when the appellee reached Jackson, his uncle had not arrived, and he remained in the depot until he did arrive at about eight o'clock p. m.; and

that they then drove to Greenwood through the rain, a distance of about seventy-five miles, arriving there about two o'clock a. m.

The appellant first contends that the basis of any recovery by the appellee must be the failure of the conductor to return the appellee's ticket to him and that the conflicting testimony bearing upon this issue was not properly submitted to the jury on account of the refusal of the court to grant several instructions requested by the appellant .to the effect that if, after punching the ticket, the conductor on the Shreveport division returned it to the appellee, the verdict should be for the appellant. We do not think the refusal of these instructions constituted reversible error, for the reason that this disputed issue of fact was submitted to the jury by the second instruction granted to the appellee, which in effect informed them that, before they could allow damages, they must believe from a preponderance of the evidence that an agent of the appellant after receiving a ticket from the appellee entitling him to transportation from Shreveport to Greenwood, did not return said ticket, or any part thereof, and therefore the appellee was put off the train at Edwards, Mississippi, by an agent of the appellant; and also by the first instruction granted to the appellant, which, in effect, told the jury that the conductor in charge of the train between Vicksburg and Jackson had the right, and it was his duty, to eject the appellee from the train if they believed from. the evidence that the conductor in charge of the appellant's train from Shreveport to Vicksburg, returned appellee's ticket to him, and that thereafter the conductor in charge of the train from Vicksburg to Jackson demanded of appellee his ticket, and that appellee failed, neglected, and refused to exhibit his ticket or to satisfy the conductor with a reasonable explanation that he had a ticket, and the said conductor did not have a reason to know that appellee had paid his

fare to Greenwood. These two instructions having fully and sufficiently submitted this disputed issue of fact to the jury, and having made a finding that the ticket was not in fact returned to the appellee, a condition precedent to any recovery, the refusal to grant other instructions on the same point was not reversible error.

The appellant next assigns as error the fifth instruction granted to the appellee, and, in criticism of this instruction, appellant seems to contend that it omits the essential requirement that, in order to fix liability on the appellant, the jury must find from the evidence that the ticket was not returned to the appellee, and, in fact, makes liability depend upon whether or not the explanation which appellee made to the conductor in charge of the train between Vicksburg and Jackson, and which said conductor refused to accept, was reasonable. In the first part of this instruction, as an essential element to entitle the appellee to recover, the jury were told that they must believe from a preponderance of the evidence that appellee called to the attention of the conductor who was in charge of the train from Shreveport to Vicksburg the "fact that said agent had not returned to the plaintiff the said ticket, and asked of said agent how he would have any evidence of his ticket or contract after said agent got off the train at Vicksburg, but said agent of the defendant claimed that he had given the ticket to the plaintiff." This portion of the instruction seems to assume as a fact that the conductor did not return the ticket to the appellee, and is, in that respect, erroneous, but we think this defect in the instruction, as well as its failure to clearly charge the jury that they must find that the conductor had not returned the ticket before fixing liability upon the appellant, was cured by the second instruction for the appellee and the first one for the appellant, both of which expressly required a finding that the ticket was not turned before any verdict fixing lia-

bility upon the appellant would be warranted. All the instructions must be read and considered together, each one as modifying and supplementing the others, and, when so read and considered, we do not think there was any reversible error therein in so far as they bear upon the question of liability. While it is true, as held in numerous cases in this court, that it is the duty of the agent, when doubt arises as to a ticket, "to listen to and accept any reasonable explanation offered, or take the chances," Illinois Central Railroad Co. v. Gortikov, 90 Miss. 787, 45 So. 363, 364, 14 L. R. A. (N. S.) 464, 122 Am. St. Rep. 324, this does not mean that it is the duty of a conductor to accept an explanation which is untrue in fact, although apparently reasonable. The one seeking passage and offering the explanation still has the burden of establishing the fact offered in explanation by proof which the jury will accept; and when a conductor is in doubt as to a ticket, and a reasonable explanation of the absence of, or defect in, said ticket, is offered, he can only refuse to accept such explanation at the peril of liability of his company, in case the jury shall on the evidence find that the explanation was reasonable and in fact true. So, in the case at bar, liability, if any, must depend upon the solution of the question of whether or not the first conductor returned the ticket to the appellee; and, since this issue was the basis upon which the instructions bearing upon the liability of the appellant rested, the judgment of the court below must be affirmed as to liability.

The appellant next assigns as error the granting of instructions allowing the recovery of punitive damages; the contention being that the evidence does not show any such willful wrong or gross negligence as to warrant infliction of such damages. It has been frequently held by this court that punitive damages may be recovered only in cases where the acts complained of are characterized

by malice, fraud, oppression, willful wrong, or gross negligence, evincing a disregard of the rights of others. In the case at bar, it cannot be said, from the evidence, that the conductor in charge of the train between Vicksburg and Jackson required the appellee to leave the train, knowing that his duty required him to permit him to remain thereon, and, as said in the case of Vicksburg Railroad Power & Manufacturing Co. v. Marlett, 78 Miss. 872, 29 So. 62, "unless such was the fact, it cannot be said that his act imported a willful wrong, for a willful wrong, that gives the cause of action for the imposition of exemplary damages, must be occasioned by a wrongful act done with a knowledge of its wrongfulness." It was by reason of negligence of the conductor on the Shreveport division in failing to return his ticket, as found to be true by the jury, that the appellee was, in being ejected from the train, wronged, but we do not think this failure of the conductor to return the ticket can be characterized as willful or intentional wrong, or as being so grossly negligent as to evince a disregard of the rights of the appellee. Disconnected from the act of the first conductor in failing to return the ticket, the action of the second conductor was justified, and we do not think the negligence shown warranted the imposition of punitive damages. The evidence does not disclose any elements of insult or oppression that would justify the infliction of such damages, and therefore the judgment of the court below will be affirmed as to liability, but will be reversed in so far as it awards damages, and the cause will be remanded for the assessment of damages only.

Affirmed in part, and reversed in part.