## Mississippi Power Co. *v.* Byrd.

(Division B.   April 6, 1931.)

[133 So. 193.   No. 29340.]

Baskin, Wilbourn & Miller, of Meridian, for appellant.

**J. B. Mayfield,** of Poplarville, for appellee.

Argued orally by **Barney Eaton, Jr.**, and **R. E. Wilbourn**, for appellant, and by **J. E. Mayfield**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Pearl River county for damages which he claimed to have suffered because appellant illegally deprived him of the electric current which it had furnished him to light his dwelling. Appellee sued for both actual and punitive damages. The trial resulted in a judgment and verdict for appellee in the sum of five hundred dollars; and from that judgment appellant prosecutes this appeal.

Appellant is a public service corporation, engaged in furnishing to the public in the town of Poplarville, and the vicinity thereof, electric current for lighting their homes and places of business. Appellee lived near the town of Poplarville, in the country. He was a customer of appellant; the latter furnishing the current to light appellee's residence, the charges for which, under appellant's rules and regulations, were payable monthly. On the 22d day of March, 1930, appellant rendered to appellee a bill for the previous month's service. Appellee failed to pay the bill, and on the 10th day of April, 1930, appellant cut the electric current out of appellee's home, which remained out for two days. Appellee was thereby deprived of electric lights for that length of time. He then paid the bill, and the current was restored.

Under the rules and regulations adopted by appellant, it charged its customers a gross rate and a net rate, the net rate being about ten per cent. less than the gross rate; and, if the customers paid their bills within ten days after date, they were entitled to the net rate; if paid after that time, they were chargeable with the gross rate. And appellant's rules and regulations provided further that, before a customer could be deprived of his electric current, appellant was required to give him a five-day cut-out notice in writing that, if he failed to pay his arrears before the expiration of five days after such notice, appellant should have the right to deprive him of the electric current.

On April 10, 1930, when the electric current was cut out of appellee's residence, he was in arrears for his March bill, and had been for eighteen days.

One of the questions in the case was whether the cut-out notice had been given. The evidence on behalf of appellant was that it had been given, while the evidence on the part of appellee was that it had not. In other words, there was a square conflict in the evidence on that issue of fact. Appellant's regulation providing for the cut-out notice was adopted for the mutual benefit of itself and its customers. It is a reasonable regulation, and binding on both appellant and appellee. The issue of fact, whether the notice was given by appellant before the electric current was withdrawn from appellee's residence, was submitted to the jury on proper instructions.

Appellee sought to hold appellant liable on another ground, namely, that there was an understanding and agreement between appellant and appellee and the Bank of Commerce of Poplarville that appellant should present appellee's monthly light bill to the Bank of Commerce, and, when so presented, it should be treated by the bank as a draft drawn by appellee, and honored against any funds to his credit in the bank. The evidence showed,

without conflict, that for some time prior to February, 1930, appellee's bills were handled and paid in that manner. The evidence on behalf of appellant, however, was to the effect that in February, 1930, that arrangement was abrogated by appellant, and appellee had been so notified. The evidence on the part of appellee was to the effect that he had received no such notice from appellant, and that therefore, when the bill of March 22, 1930, was rendered, that custom was in force, and he expected, and had the right to expect, that appellant would present the March bill to the bank in accordance with that practice; and the evidence showed that, if that had been done, he had sufficient funds there to meet it, and it would have been paid. The question of liability on that ground was also submitted to the jury by proper instructions.

Appellant contends that it was entitled to a directed verdict. What we have said disposes of that question. We think the question of liability was clearly one for the jury.

Appellant complains of certain instructions given for appellee, and the refusal of certain instructions requested by appellant. We are of opinion that appellant's contentions in that respect are not well-founded, and are not of sufficient seriousness to call for a discussion by the court, except as to one instruction refused appellant, and one instruction given appellee, which we will now consider.

The court refused to instruct the jury, at appellant's request, that they could not find punitive damages. Without going into the evidence bearing on this question in detail, it is sufficient to say that, if appellant did, in fact, unlawfully deprive appellee of the light service at his residence, it was the result, not of willfulness, wantonness, or gross negligence on the part of appellant, but was through mere inadvertence or mistake on the part of appellant's agents and employees having to do therewith.

In other words, the wrongful act was the result of mere simple negligence. Mere negligence, not characterized by wantonness or willful wrong, is no ground for recovery of punitive damages. Western Union Tel. Co. v. Koonce, 112 Miss. 173, 72 So. 893; Duncan v. Tel. Co., 93 Miss. 500, 47 So. 552; Mississippi & T. R. Co. v. Gill, 66 Miss. 39, 5 So. 393; Western Union Tel. Co. v. Rogers, 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; Western Union Tel. Co. v. Ragsdale, 111 Miss. 550, 71 So. 818; Grenada Bank v. Lester, 126 Miss. 442, 89 So. 2.

The court was therefore in error in refusing to exclude from the consideration of the jury the question of punitive damages.

The court gave the following instruction for appellee: "The court instructs the jury for the plaintiff that it is not necessary for the plaintiff to itemize each separate item of damage occasioned, but that the jury are to determine the extent of the injury, if any, and the damages equivalent to such damages, if any in view of all the circumstances, and that in considering the amount of plaintiff's damages, if any, all the particulars wherein plaintiff is aggrieved may be considered, whether pecuniary loss, mental pain, discomfort, trouble, inconvenience, annoyance, and interference with the comfort of plaintiff and his family."

It will be observed that one of the elements of damages mentioned in that instruction is "mental pain." The evidence in this case fails to show that appellee suffered any physical injury on account of being deprived of electric lights for two days. Damages for mental suffering cannot be recovered where caused by simple negligence, where there is no bodily injury, malice, insult or fraud. Western Union Tel. Co. v. Ragsdale, supra; Western Union Tel. Co. v. Rogers, supra; Gulf & S. I. R. Co. v. Beard, 129 Miss. 827, 93 So. 357; American Ry. Exp. Co. v. Bailey, 142 Miss. 622, 107 So. 761.

Appellee argues that this instruction was justified by the decision of the court in Tel. & Telegraph Co. v. Hobart, 89 Miss. 252, 42 So. 349, 350. That was a case where the plaintiff was wrongfully deprived of telephone service for three months, and was put to expense and great physical inconvenience and annoyance. There was a recovery of one hundred fifty dollars. One question decided by that case was whether such physical inconvenience and annoyance were elements of actual damages. The court said, among other things: "We do not say that damage for inconvenience and annoyance may be recovered in all cases, but from the very nature of the the subject-matter of this litigation, annoyance and inconvenience is one of the main elements of damages." It will be observed that the court, in that case, did not go so far as to hold that mental pain was an element of compensatory damages. We think the court went far enough in that case. We are not now willing to go further, and hold that mental pain, in addition to inconvenience and annoyance, are elements of compensatory damages. We are of opinion, therefore, that the court erred in the giving of that instruction.

The verdict in this case was large, and may have been brought about by the giving of that instruction for appellee and refusing appellant's request to instruct the jury that this was not a case for punitive damages.

Reversed and remanded for trial of the issue of damages alone.