## DOHERTY v. MISSISSIPPI POWER CO.

(Division A. March 22, 1937. Suggestion of Error Overruled April 19, 1937.)

[173 So. 287. No. 32311.]

**F. M. Morris,** of Hattiesburg, for appellant.

**Wilbourn, Miller & Wilbourn,** of Meridian, and **Hei-delberg & Roberts,** of Hattiesburg, for appellee.

Argued orally by **F. M. Morris**, for appellant and by **Rowland W. Heidelberg**, for appellee.

**Cook, J.,** delivered the opinion of the court.

This suit was instituted by the appellant, Mrs. George Doherty, against the appellee, Mississippi Power Company, seeking to recover actual and punitive damages for the alleged willful and wanton wrong on the part

of the appellee in disconnecting the appellant's electric lights on the afternoon of June 6, 1935.

The declaration charged that on April 20, 1929, the appellant became a customer of the power company, and was then required by the rules of the company to deposit the sum of $5 as security for the payment of her bills for electric current, and that appellee delivered to her its customer's receipt for this $5 in which it agreed to pay interest thereon at the rate of 8 per cent. per annum, "payable when deposit is returned, or annually as earned upon request of depositor, provided depositor has been served by the company longer than six months." It was further charged that on June 6, 1935, the appellant owed appellee a bill of $2.26 for electric current consumed by her for a period of two months, which she was unable to pay; that upon demand for the payment of this past-due indebtedness, she informed the appellee that she was pregnant, and had been ill for some months, and was in a highly nervous condition; that to avoid being disturbed she requested appellee to credit her bill with the accrued interest on her deposit, which, it was alleged, amounted to $2.44, or 18 cents more than the amount of the debt owing by her to the appellee; and that appellee willfully, purposely, and with the deliberate design to intimidate and humiliate the appellant, refused to so credit the interest due her.

The declaration further charged that appellant's lights were wrongfully disconnected on June 6, 1935; that during the afternoon of June 7, 1935, her husband carried the deposit receipt to appellee's office, whereupon it was admitted that the appellee owed the appellant more than the amount of her past-due bill; that appellee then offset this interest against the amount of her bill, and paid to her husband the balance of 18 cents due her as interest, and immediately reconnected her lights.

It was further charged that on account of the worry and humiliation incident to the controversy between her and the agents of the appellee, and the following disconnection of her lights, she was made so highly nervous that she became so ill that she was threatened with a miscarriage and required the services of a physician for a number of days thereafter, and that as a result she suffered great mental and physical pain and anguish.

Upon the trial of the cause it was shown that when appellant made her original $5 deposit as security for the payment of her bills, the appellee issued to her its customer's receipt reciting, in part, as follows:

"This is to certify that the above amount has been deposited with Mississippi Power Company as security for the payment of all bills for electricity, gas or for any appliances used in connection with same, or for any material of any kind purchased from or services rendered by said Company.

"Upon discontinuance of service and surrender of this receipt, the amount of this deposit less any amounts due said Company deductible therefrom will be returned to depositor. The Company will pay interest on this deposit less any deductions at the rate of eight per cent per annum from date hereof, payable when deposit is returned or annually as earned upon request of depositor, provided depositor has been served by the Company longer than six months. Interest ceases when service discontinued. Conditions on reverse side hereof are a part of this receipt."

It was further shown that on April 4, 1935, the appellant became in arrears for one month's electric service, and on and after May 6th she was in default for two months' electric service, and on May 13th a bill was rendered for this two months' service. The bill was not paid, and the service was continued until June 6, 1935, when an employee of the appellee appeared at the appellant's residence and notified her that he was

instructed to disconnect her lights unless the bill was immediately paid. Appellant testified that when the payment of her bill was demanded, she requested the appellee's employee to wait until a dividend matured on certain stock of appellee company which she owned, and that this employee went away presumably to report this request to the company; that later in the day, employees of the company again appeared at her residence for the purpose of disconnecting her lights; and that she then called the office of the company and talked to its auditor over the telephone. She further testified that she informed the appellee's auditor that she was sick, and requested him to continue the electric service until her dividend matured on July 1st, so that her past-due bill could be paid out of this dividend, as had been done on several occasions in the past, and he refused to do so; that she then informed him that there was sufficient interest due her on her deposit to cover the bill, and requested him to charge the bill against this interest, and he refused this request. Appellant testified that she construed the auditor's replies to her requests as being sarcastic, but there was no evidence of actual rudeness or insults. There was also testimony tending to show that the appellant suffered mental worry and humiliation which caused her to become highly nervous and resulted in illness and physical pain. At the conclusion of apellant's evidence, there was a motion to exclude it and to direct a verdict for the appellee, which was sustained.

It is well settled that a customer using electric current furnished by a public service corporation is not entitled to have his unpaid bills paid from the sum deposited to guarantee unpaid bills, and have continuance of the service thereafter, Cospelich v. Mississippi Power Company, 164 Miss. 88, 144 So. 38; but this rule does not control in determining the customer's rights in ref-

erence to the accumulated and past due interest on such deposit.

In the Cospelich Case, supra, it was held that the contracts under which these deposits are made, authorize the company to preserve the deposit intact until the termination of service, and that it is only upon the termination of the contract that a customer has the right to demand that any part of his deposit shall be applied to his unpaid bill; or, in other words, that he cannot demand payment of his unpaid bills from the sum deposited and at the same time demand a continuance of service. But such is not the case with the interest accrued on the deposit here involved. This contract expressly provides that interest at the rate of 8 per cent. per annum shall be paid ''when the deposit is returned, or annually as earned upon request of the depositor.'' Under this provision the customer had the right to demand at any time the payment of all interest accrued up to the last annual interest payment date; and the fact that she had allowed the interest to accumulate for several years without demand was immaterial. She was not required to make annual demands for the payment of this interest, and she had the right to demand at any time the payment of all interest accrued up to the previous annual interest payment date. And since the interest accrued up to the last previous annual date was more than sufficient to pay her bills for service rendered, the refusal of her demand for the payment of the interest due her by offsetting these bills against the accumulated interest, and the subsequent disconnecting of her electric service, constituted such a wrongful breach of duty as amounted to negligence on the part of the appellee.

The next question then is: What, if any, damages was the appellant entitled to recover under the proof in this record. We are of the opinion that the evidence establishes mere negligence, and does not tend to prove that

the .acts of the appellee were characterized by malice, fraud, oppression, willful wrong, or gross negligence; and this being true, punitive damages were not recoverable. New Orleans, Jackson & Great Northern Railroad Co. v. Statham, 42 Miss. 607, 97 Am. Dec. 478; Illinois Central R. R. Co. v. Ramsay, 157 Miss. 83, 127 So. 725; Yazoo & M. V. R. R. Co. v. Mullen, 158 Miss. 774, 131 So. 101; Bounds v. Watts, 159 Miss. 307, 131 So. 804; Mississippi Power Co. v. Byrd, 160 Miss. 71, 133 So. 193.

It is contended, however, that the appellant was entitled to recover compensatory damages for the inconvenience, and mental and physical pain, suffered by her as a direct result of the wrongful act of appellee in disconnecting her electric lights. The proof shows that the appellant's residence was deprived of electric lights for one night, and that her family was forced to borrow a lamp from a neighbor; but the inconvenience suffered by the appellant herself is too inconsequential to support a verdict for damages.

There was testimony tending to show that as a result of the controversy, and the disconnecting of appellant's lights, she was caused to suffer mental worry and emotional disturbance, which subsequently caused her to suffer illness and physical pain, for all of which, it is contended, she is entitled to recover actual damages. It is the established rule in this State that there can be no recovery for mental pain and suffering, disconnected from physical injury and suffering. Western Union Telegraph Co. v. Rogers, 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; Western Union Telegraph Co. v. Koonce, 112 Miss. 173, 72 So. 893; Grenada Bank v. Lester, 126 Miss. 442, 89 So. 2; Gulf & Ship Island R. R. Co. v. Beard, 129 Miss. 827, 93 So. 357. But the narrow question here presented is whether or not, where there is no physical injury or pain immediately resulting from the negligent act, there can be recovery

for mental worry and emotional distress, and subsequent physical injury and suffering resulting solely from the mental distress. There is authority for the view that under some circumstances such damages are recoverable. In the Restatement of the Law of Torts, vol. 2, section 306, it is said that: "An act may be negligent, as creating an unreasonable risk of bodily harm to another, if the actor intends to subject, or realizes or should realize that his act involves an unreasonable risk of subjecting, the other to an emotional disturbance of such a character as to be likely to result in illness or other bodily harm." In section 312 of the same volume of the Law of Torts, the view is announced that: "If the actor intentionally and unreasonably subjects another to emotional distress which he should recognize as likely to result in illness or other bodily harm, he is subject to liability to the other for an illness or other bodily harm of which the distress is a legal cause, (a) although the actor has no intention of inflicting such harm, and. . . ."

Without expressing an opinion as to the correctness of the doctrine announced in the two above-quoted sections of the Restatement of the Law. when applied in the light of former decisions in this court, we are of the opinion that the evidence in this case does not bring the acts of appellee in disconnecting appellant's lights within the doctrine of either of the quoted sections. It is true that appellant testified that she informed appellee's agent that she was sick and had been under the treatment of a physician, and expected to have to call a physician at any time; but that alone would not furnish a basis for the inference that, by the mere act of disconnecting the electric service, appellant's agents intended to subject, or should have realized that the act involved any unreasonable risk of subjecting, appellee to such emotional disturbance as would likely result in illness or other bodily harm. We think that under the

evidence in this record, no damages were recoverable for mental suffering or subsequent physical injury and pain resulting therefrom.

The only remaining question is whether or not, under the facts, the appellant was entitled to recover nominal damages. The law presumes damage from the infringement of a legal right. The appellant here sued for and established by her proof, the violation of her asserted legal right to have the interest due her offset against her light bill; and for the wrongful and negligent breach of duty on the part of the appellee in this regard, she was entitled to recover at least nominal damages. Therefore the peremptory instruction to the jury to return a general verdict for the defendant was erroneous, and the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.