GULF, MOBILE & N. R. R. Co. *v.* THORNBERRY.

(Division B.   May 8, 1939.)

[188 So. 545.   No. 33677.]

Fred B. Smith, of Ripley, for appellant.

**J. H. Brown,** of Fulton, and **Adams & Long,** of Tupelo, for appellee.

584

586.

Argued orally by **Fred B. Smith**, for appellant, and by **Sam H. Long**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee recovered a judgment in the sum of $1000 against the appellant railroad company in the circuit court of Pontotoc county for damages on account of humiliation, embarrassment, and mental pain and anguish alleged to have been sustained by her by reason of certain insulting, vulgar and indecent language used by a drunken passenger in her presence on one of the appellant's trains.

The testimony made an issue for the jury as to whether the conductor observed the condition of the drunken passenger when he took up his ticket on leaving Louisville, and also as to whether he was present and heard certain vulgar and indecent remarks alleged to have been made by such passenger in the presence of appellee in regard to some ladies standing on the station platform at Ackerman as the train was leaving there, and failed to discharge his duty of protecting the appellee passenger from insult, vulgarity and indecency, under such circumstances as would render such conductor guilty of a willful or wanton disregard of her rights in the premises.

It appears that the subsequent conduct complained of occurred out of the presence and hearing of the conductor, and that upon complaint being made to him by appellee, through the news butch, the conductor immediately sent the news butch into the coach to bring the "drunk" out while the conductor finished assorting some tickets and removed them from a table where they

were spread out before him at the moment the request was received. The news butch forthwith and efficiently carried out the conductor's request; and consequently, no liability can be predicated upon the failure of the conductor himself to go instantly to appellee's relief on that occasion. The appellant's liability for all of the offensive conduct of the fellow passenger must therefore depend upon whether the conductor observed his drunken condition when taking up his ticket upon leaving Louisville and whether he later heard the vulgar and indecent language alleged to have been used in his presence upon the departure of the train from Ackerman, so as to impose upon him the duty of taking action to prevent its recurrence, as contemplated by sections 6136, 6137 and 6138 of the Code of 1930, and Gallegly v. Railroad Co., 83 Miss. 171, 35 So. 420.

No physical injury is alleged to have been sustained by the appellee at the hands of this fellow-passenger, and she would not therefore be entitled to recover compensatory damages for the injuries complained of in the absence of a showing that the conductor on the train of the appellant was guilty of a wanton or willful wrong in not ejecting the drunken passenger, or in not otherwise taking steps to compel him to desist from a further use of vulgar and indecent language in her presence, after such conductor may have acquired knowledge of the offending passenger's conduct under such circumstances as would cause a reasonable apprehension that his misbehavior would continue unless some action was taken to prevent its continuance. New Orleans & St. L. & C. R. Co. v. Burke, 53 Miss. 200, 24 Am. Rep. 689; Dorrah v. Illinois C. R. Co., 65 Miss. 14, 3 So. 36, 7 Am. St. Rep. 629; Western Union Tel. Co. v. Rogers, 68 Miss. 748, 9 So. 823, 13 L. R. A. 859, 24 Am. St. Rep. 300; Duncan v. Telegraph Co., 93 Miss. 500, 47 So. 552; Western Union Tel. Co. v. Ragsdale, 111 Miss. 550, 71 So. 818; and Mississippi Power Co. v. Byrd, 160 Miss. 71, 133 So. 193.

The trial court refused an instruction requested by the

plaintiff on the question of punitive damages, and submitted to the jury the question of awarding compensatory damages for humiliation, embarrassment, excitement, mental pain and anguish, etc., without regard to the failure of the plaintiff to show that she had sustained any physical injury, which could have been anticipated by the conductor as a natural and probable consequence of the act of the drunken passenger, and also without reference to whether or not the conductor was guilty of any wanton or willful wrong in permitting the conduct of the drunken passenger complained of. This was error. Doherty v. Mississippi Power Company, 178 Miss. 204, 173 So. 287. Compare Biedenharn Candy Company v. Mrs. V. A. Moore, Miss., 186 So. 628.

Reversed and remanded.