SIMONTON *v.* MOORE.

In Banc. Dec. 31, 1948.

(38 So. (2d) 94)

W. A. Geisenberger, for appellant.

762

**E. H. Ratcliff,** for appellee.

768

**Smith, J.**

Appellee recovered a judgment against appellant in the Circuit Court of Adams County, the declaration sounding in damages. It was in two counts, one for breach of contract, and one for tort. On this improper declaration, the jury awarded appellee the sum of $1,500 damages. It is impossible to tell whether this award was for breach of contract, or for the alleged tortious act, and whether for actual or punitive damages.

Appellant conducted a parking lot, where appellee, with his wife and young child, lived in a trailer. For this service, and certain electrical facilities, he contracted to pay so much per week in advance. During the middle of one week, for which appellee had paid in advance, he alleged that appellant cut his lights off without cause. The gravamen of his claim for damages was the breach of contract, aggravated because his child was sick and had to be attended in the middle of the night by a physician, without electric lights. But, the physician testified that he had a large flashlight, carried for use in such situations, and he was not handicapped in any way by the absence of electric lights in the trailer. The child was up and playing in the yard the next day. The appellant contends that she offered to return the unpaid portion of his weekly rental and requested him to leave because of certain alleged misconduct of his young child. There was controversy over whether appellee pulled out the plug to stop the light or whether its stoppage was due to a

short circuit caused by a defective cord attached to appellee's trailer, said cord being furnished by appellee.

There was no malice, or wantonness, or physical suffering proven in this connection by the appellee. If he were entitled to any damages, it would be only actual damages, and none was shown by the evidence. In the case of Doherty v. Mississippi Power Company, 178 Miss. 204, 205, 173 So. 287, 289, this Court said: "There was testimony tending to show that as a result of the controversy, and the disconnecting of appellant's lights, she was caused to suffer mental worry and emotional disturbance, which subsequently caused her to suffer illness and physical pain, for all of which, it is contended, she is entitled to recover actual damages. It is the established rule in this State that there can be no recovery for mental pain and suffering, disconnected from physical injury and suffering." The record fails to disclose any justifiable damages on the count for breach of contract, as stated.

Under the other count of the declaration, appellee sought damages from appellant because he alleged she had maliciously, wantonly and falsely caused him to be arrested and incarcerated in jail for an offense of which he was not guilty, to-wit: cursing and using profanity toward her. There was testimony on both sides as to whether or not he actually did so demean himself. He spent about two hours in jail before making bond, and on the date set for his trial appellant was sick in bed and could not attend. The justice of the peace continued the case without notifying appellant of the date to which it was continued. When that date arrived, appellant was still sick in bed and could not attend, and the justice of the peace dismissed the prosecution. There was no trial and exoneration of appellee, and appellant was not a party to the dismissal of the prosecution. From the evidence in this case, we cannot see any sufficient proof of malice or wantonness on the part of the appellant with reference to this prosecution.

The court below granted this instruction: "You are instructed in this case that if you find and believe from the evidence that the lights in the Moore trailer were cut off by Defendant and did not go off on account of a defective cord and Defendant had no just cause to believe that shorts, if any, were caused by defective cord, then you will find for Plaintiff on the first count of the declaration in such sum as you may find will reasonably compensate Plaintiff for his damages, if any, for his humiliation, mortification and mental anguish, if you find he suffered such humiliation, mortification and mental anguish."

██ We feel that comment is unnecessary to point out the errors in the granting of this instruction further than to call attention to the fact that there is no evidence in the record showing appellee suffered any humiliation, mortification and mental anguish through the alleged cutting off of his lights. Furthermore, he neither alleged nor proved any physical suffering, and no wilful or malicious motive. We are of the opinion that no damages were shown, by the record before us, to have been sustained by appellee because of the alleged breach of contract.

The court also granted the following instruction to appellee: "If you find from the evidence that Defendant caused the arrest and incarceration in jail of Plaintiff without probable or just cause, you will find for Plaintiff in such sum as you may further find will reasonably and fairly compensate him for such arrest and incarceration and the ensuing damages, if any, he may have suffered. In this connection you are further instructed that false arrest or malicious prosecution, imports injury and consequent damages without proof of injury or damage, but the amount of such damages, if any, must be determined by you from the evidence."

██ We are of the opinion that such instruction should not have been granted because of the absence of proof to sustain punitive damages in this case. It may

be that appellee was entitled to nominal damages, as to which we express no conclusion; but we find no justification for the infliction of punitive damages on the record before us.

The court also granted the appellee the following instruction: "You are instructed that ill health on the part of one guilty of falsely or maliciously causing the arrest of another is no excuse in law for such action and if you believe that Defendant caused the arrest and incarceration of Plaintiff without just cause you will find for Plaintiff in such sum as you may believe will reasonably and fairly compensate him for his damage, if any."

 This instruction is bad because it is on the weight of the evidence.

In view of what we have already said with reference to punitive damages, supra, we think the court should have granted to the appellant, as defendant below, the following instruction refused by the Court: "The Court instructs the jury for the Defendant that the Plaintiff is not entitled to recover anything by way of punitive damages."

We have concluded that the judgment of the trial court must be reversed and the cause remanded for a new trial, and it is so ordered.

Reversed and remanded.